CHARLES A. MORGAN, Treasurer of the City of Saint Paul, Appellant, *vs.* ROBERT A. SMITH, Treasurer of Ramsey County, Respondent.

APPEAL FROM AN ORDER OF THE DISTRICT COURT OF RAMSEY COUNTY.

The "Tax Law," and the act "prescribing the duties of County Treasurers," both approved March 9, 1860, and the act prescribing the duties of County Auditors, approved March 6th, 1860, express the purpose of the Legislature to amend the charter of the City of Saint Paul, and of all other cities and towns, so far as to make the collection of taxes therein conform strictly to those laws. The sixty-first section of the "Tax Law," above referred to, seems to conflict with the other laws in force upon the subject; but the discrepancy is the result of an error, rather than of the intent of the Legislature.

This was an application for a peremptory writ of mandamus, by the Treasurer of Ramsey County, against Charles A. Morgan, City Treasurer of the City of Saint Paul, requiring him to deliver up the sale books and records of tax sales for lands sold for taxes in said city, for delinquent taxes, for the years 1852 to 1860, inclusive. The District Court granted the writ, and the Defendant appealed.

Points and authorities of Appellant:

*First.*—The Appellant is not required by law to deliver the records and papers in question to the said County Treasurer.

*Second.*—The Appellant is authorized by the charter of said city to collect the taxes for city purposes, and to receive the redemption money, and to make sale as to the city taxes. *Chapter* 8 *City Charter, &c.; Special Laws of* '58, *page* 5 *to* 50.

*Third.*—The acts of 9th of March, 1860, and 6th of March, 1860, to wit: "The Tax Law," "County Treasury Law," and "County Auditor Law," do not repeal the charter in this respect. In, that there is no repeal by express terms. In, that it is not repugnant. In, that the charter is a special act, not repealable by implication by a general law.

In, that Section 61 of the Tax Law recognizes the right of the city to collect her own taxes.

In, that Section 103 of the Tax Law saves the past delinquent tax in the city from the operation of the law. *Sec.* 16, *Chap.* 10, *City Charter.*

This Tax Law is copied from the Ohio Tax Law of 1852, which recognized the right of cities (if they so elected) to collect their own tax and applied to a general law for the organization of cities, and not to any special laws. *Swan's Statutes of Ohio,* (1854) *page* 27 ; *ibid.* 955, 979, 988, *and see Section* 54 *of the Ohio Act, in connection with* 61 *of the Minnesota Act ; Swan's Digest Statutes of Ohio,* 921 ; *Comyn's Digest, vol.* 5, *page* 253, *title statute ; McFarland vs. State Bank,* 4 *Pike (Arkansas)* 410 ; *Carter vs. Hawley, Wright.* 74 ; *Town of Ottawa vs. County of Lasalle,* 12 *Illinois,* 339.    Repeals by implication are not favored. *Loker vs. Brooklyn,* 13 *Peck.* 342, 348 ; *Bowen vs. Lease,* 5 *Hill* 221 ; *See in General Charter of City of St. Paul, Tax Law, and County Treasurer and County Auditor Laws of* 1860.

*Fourth.*—The Tax Law did not go into effect until after the mandamus issued, that is to say until thirty days after its approval. *Pub. Stat. p.* 114.

*Fifth.*—A repeal or amendment of the Charter of the City of St. Paul would be a distinct subject of legislation, and could not be incorporated in the tax bill. *Sec.* 27, *Art.* 4, *Constitution ;* 3 *Monroe* 80.

Points and authorities of Respondent.

The Plaintiff insists that the judgment of the District Court, awarding a peremptory mandamus, should be affirmed, and relies upon the positions and authorities following, to wit :

*First.*—The application (affidavit) of Plaintiff shows facts (which are admitted by Defendant) authorizing and requiring the issuance of such writ.

*Second.*—The County Auditor's Act, approved March, 6, 1860, and the act " prescribing the duties of County Treasurers," approved March 9, 1860, apply to the city of Saint Paul, and the Defendant can claim no special privilege to exception as Treasurer of St. Paul ; the provisions of the city charter having been suspended. *General provis. County Auditor's Act, Sec.* 22 ; *and Secs.* 9, 10, 21, 30 *and* 33, *of Treasurer's Act; especially Sec.* 24, *Treasurer's Act.*

*Third.*—It was evidently the intention of the Legislature to confer upon County Treasurers authority to collect all taxes,

whether delinquent or otherwise, under every name, whether assessed in the city of St. Paul or elsewhere. And the authority conferred and duty imposed by law upon the County Treasurer, applies to unpaid past taxes, as well as to all future taxes. *See General Provisions of County Auditor's Act, Sec.* 47; *County Treasurer's Act, Sec.* 24; *Special provisions County Auditor's Act. Sec.* 50; *Special provisions Treasurer's Act, Sec.* 46.

*Fourth.*—Redemption money, so called, is under present laws only another name for unpaid taxes. As to duty of Treasurer of County to collect amounts for which certificates have been issued or sales made, *see Treasurer's Act, p.* 23, *Sec.* 47; *Tax Law, p.* 25, *Sec.* 93, 46. The duty imposed, and right to collect amount of future sale is undisputed. *See Auditor's Act, Sec.* 39–40.

*Fifth.*—It is the duty of Defendant to deliver over to Plaintiff all books and papers connected with taxes or referring to the revenue. The County Treasurer being entitled to the custody and possession of " all books, documents and papers in reference to the taxes heretofore levied" or pertaining to lands unredeemed at the time of the passage of the law, March 9, 1860. A proper demand having been made the writ of mandamus must issue. *Sec.* 47 *County Treasurer's Act; see also Tax Law of* 1860, *Sec.* 103, 104, 105, relied upon by Defendant, but which being read with the Treasurer's and Auditor's Acts, we claim demonstrate the correctness of the positions aforesaid.

*By the Court.*—EMMETT, C. J. This is an appeal from an order of the District Court of the 2d Judicial District, allowing a peremptory mandamus to issue against the Defendant, directing him to deliver to the Plaintiff, as the Treasurer of Ramsey county, certain books then in his possession, as the Treasurer of the city of St. Paul, and successor of the Treasurer of the late town of St. Paul. The books in question are the records and roll books of the unredeemed lands heretofore sold by said town and city for delinquent taxes.

The Appellant, waiving all technical points raised in his brief, claims simply that he is authorized by the charter of the

.said city to collect the city taxes, make sales for non-payment, and to receive the redemption money on all such sales, whether heretofore or hereafter to be made; and that this right is not taken from him either by the tax law, so called, or the law prescribing the duties of County Treasurers, both approved March 9th, 1860, nor by the act prescribing the duties of County Auditors, approved March 6, 1860.

This claim is founded upon the sixteenth section, of chapter ten of the city charter, which provides that no law of the State controvening the provisions of the charter, shall be considered as repealing, amending, or modifying the same, unless such purpose be expressly set forth in the law.

It could not well be admitted that one Legislature can do an act so derogatory to the power of a subsequent Legislature, as to prescribe the only manner in which any law can be modified, amended or repealed. Yet we hold that the several acts, above referred to, clearly express the purpose of the Legislature to amend the charter of the city of St. Paul, and all other cities and towns, so far as to make the collection of taxes therein conform strictly to these laws.

The distinctive feature of the act prescribing the duties of County Treasurers, is to provide that all manner of taxes assessed shall be placed upon the duplicate of the county, and collected by one single officer—the County Treasurer. Section 9 of the act expressly declares that the County Treasurer shall be the collector of *all* taxes assessed upon the duplicate of his county, whether assessed for State, county, *city*, town, township, school, poor, bridge, road, or other purposes. By Section 21 he is required to receive town and city orders in payment of such town or city tax, and by Section 30 it is made his duty to pay over to the Treasurer of any *municipal corporation*, on the order of the proper officer, all moneys received by him from the taxes levied and collected belonging to such muncipal corporation. The language of these several sections sufficiently indicates a purpose to include all municipal corporations within the provisions of the act. But, as if for the purpose of removing every doubt that might arise, the twenty-fourth section declares " that the County Treasurer shall have the same power to collect all taxes in his county that had heretofore

been vested in Sheriffs, Registers of Deeds, Collectors, *Town or City Treasurers*, or any other person or persons, and shall have the power to collect the taxes charged against the lands or town lots of delinquents or non-residents, and to make sale thereof, as has been heretofore vested in the Sheriffs, or Collectors, or Registers of Deeds, or *other persons* under the laws of this State, &c.; *anything in the charter of the city of St. Paul*, approved March 20th, 1858, or in the charter of any other city or town, or in any other act of the Legislature heretofore passed, to the contrary notwithstanding." While by Sections 46 and 47, the provisions of the act as far as applicable, and the powers and duties of the Treasurer, are expressly extended to all taxes heretofore levied, and to all unredeemed lands, sold prior to the passage of the law.

But notwithstanding the express language of these different sections, the counsel for the Appellant insists that the right of a city to collect its own taxes, is implied from the tax law, so called, approved on the same day, the sixty-first section of which reads as follows :

" It shall be the duty of the Auditors of the several counties in which one or more such banking companies, as are mentioned in the preceding section may be situated, upon receiving returns of their notes and bills discounted, and all other moneys, effects or dues, as provided in the fifty-fifth and fifty-sixth sections of this act, to enter the same for taxation upon the grand duplicate of the proper county, and upon the *city duplicate for city taxes*, in cases where such city tax is not returned upon the grand duplicate, *but is collected by city officers*, which amount so returned and entered, shall be taxed, &c.      *      *      *"

This seeming recognition of the right of city officers, still to collect city taxes, is doubtless attributable to the well known fact that the present tax law of our State is almost a literal transcript of the tax law of Ohio. In that State, I believe, a city may elect to collect its own taxes, and such a provision is therefore appropriate and necessary, but in this State, as the law now stands, there is nothing upon which it can operate, as there are no taxes which are collected by city officers. The clause was no doubt overlooked in the hurry of business attend-

ing the close of a protracted and laborious session, but it cannot by mere implication affect the plain provisions of the County Treasurer law above referred to.

The order allowing a peremptory mandamus is affirmed.