Clark & Saunders v. Mobile School Commissioners.

---

# CLARK & SAUNDERS *vs.* MOBILE SCHOOL COMMISSIONERS.

[GARNISHMENT ON JUDGMENT.]

1. *What constitutes public corporation.*—The Mobile school commissioners, as established by the act "to regulate the system of public schools in the county of Mobile," (Session Acts 1853–4, p. 190,) constitute a municipal or public corporation.

2. *Against whom garnishment lies.*—A public or municipal corporation is not amenable to the process of garnishment, under the laws of this State; and this exemption involves no violation of the first article of the constitution, which declares that "no set of men are entitled to exclusive, separate emoluments or privileges, but in consideration of public services."

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. C. W. RAPIER.

THE appellees in this case were summoned by process of garnishment, on the 6th March, 1860, as the debtors of Charles Marechal, against whom the appellants had obtained a judgment, in the circuit court of said county, on the 21st April, 1859. The garnishees appeared, and answered, by way of plea, that they were a public corporation under the act of 1854, entitled "An act to regulate

the system of public schools of the county of Mobile,"
(Session Acts 1853–4, p. 190;) and therefore prayed that
the garnishment might be quashed. The circuit court
overruled a demurrer to the plea, and quashed the gar-
nishment; and its judgment is here assigned as error.

F. S. BLOUNT, for appellants.

P. HAMILTON, contra.

A. J. WALKER, C. J.—The Mobile school commis-
sioners certainly constitute a municipal or public corpora-
tion. In the Mayor and Aldermen of Mobile v. Rowland,
(26 Ala. 498,) it was decided, that such corporations are
not amenable to the process of garnishment; and the
legislature, by a special enatment, bringing private corpo-
rations within the operation of the garnishment law, has
very clearly manifested a positive design to leave mu-
nicipal corporations free from the influence of such law.
Pamphlet Acts of 1855–56, p. 6. We think, therefore,
it is certain that municipal corporations are not subject to
garnishment in this State, and we are content to abide by
the decision above cited.

It is contended, that this failure to include municipal
corporations among the legal persons liable to be gar-
nisheed, involves the bestowment of a peculiar privilege,
in violation of the first section of the bill of rights. We
do not yield our assent to this argument. It can make
no difference to a corporation, whether it pays a debt
which it owes to its creditor, or to one to whom he is in-
debted. It is, therefore, no benefit, or peculiar privilege,
to be exempt from the process of garnishment, returnable
to a court of law, whereby the payment will be directed
to be made to the person to whom its creditor is indebted,
instead of the creditor himself.

Judgment affirmed.