WALDON BIVENS *et al.* SCHOOL DIRECTORS, ETC.

*v.*

JOSEPH HARPER.

GARNISHEE—*money in the hands of School Directors.* Certain garnishees answered that they were School Directors; that the judgment debtor was employed by them as the teacher of the common school in the district; that there was due him a certain sum of money but that he had not made out his schedule; that previously the directors and teacher had entered into a special agreement, that the directors should make the schedule payable to a third person; that they had no property, means or effects belonging to the teacher, in their hands except the money earned for teaching, and nothing as individuals: *Held,* upon the facts, on the authority of the ruling in *Millison* v. *Fisk,* 43 Ill. 112, the money thus in the hands of the directors was not liable to garnishment.

WRIT OF ERROR to the Circuit Court of Johnson county.

Mr. O. A. HARKER, for the plaintiffs in error.

Mr. W. J. ALLEN, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a proceeding instituted for the purpose of reaching moneys in the hands of school directors, to which Hill would be entitled, on the return and proper certificate of his schedule, as the teacher of a common school. It appears that defendant in error recovered a judgment for the sum of $119.18 against Hill, in the Johnson Circuit Court; that an execution was issued and returned no property found, and the affidavit required by the statute was filed. A garnishee summons was issued and served on plaintiffs in error. They appeared, and answered that they were school directors; that Hill was teaching a school in the district, employed by them as directors, at $40 per month; that he had kept school about three and a half months, and that there was due to him near $140; that he had not made out his schedule; that in the previous month of November the directors and teacher had entered into and made a special arrangement or agreement that the directors should make the schedule payable to one Roland; that they had no other property, means or effects of Hill in their hands or possession, and they owed him nothing unless the money earned for teaching, but nothing as individuals. On a hearing on interrogatories and the answer, the court below rendered judgment against plaintiffs in error, for the amount which had been earned by Hill as such teacher. We are asked to reverse the judgment, on the ground, that the law does not warrant a judgment against the garnishees, on the facts disclosed on the hearing below.

The case of *Millison* v. *Fisk*, 43 Ill. 112, was similar to this, in all its material features. It was there held, that money thus in the hands of school directors or their treasurer, was not liable to garnishment. That case must control this, and the judgment of the court below is reversed and the cause remanded.            *Judgment reversed.*