Hightower & Company *vs.* Slaton *et al.*

---

M. A. HIGHTOWER & COMPANY, plaintiffs in error, *vs.* WILLIAM F. SLATON *et al.*, defendants in error.

The salary of a teacher in the employ of the board of education of the city of Griffin, for the scholastic year of ten months, at $125 00 per month, payable at the expiration of each month, is not subject to process of garnishment.

Garnishment.    Municipal corporations.    Schools.    Before Judge HALL.    Spalding Superior Court.    August Term, 1874.

This case is reported in the decision.

HUNT & JOHNSON, for plaintiffs in error.

NUNNALLY & JOHNSTON; SPEER & STEWART; PEEPLES & HOWELL, for defendants.

WARNER, Chief Justice.

The plaintiffs sued out a summons of garnishment, directed to Mangham, secretary and treasurer of the board of education of public schools in the city of Griffin, requiring him to appear at court and answer what he was indebted to Slaton,

Hightower & Company *vs.* Slaton *et al.*

the plaintiffs' judgment debtor, or what property or effects he had in his hands belonging to him. On the hearing of the case in the superior court, the following facts were shown, as disclosed by the record: That Mangham, the garnishee, was secretary and treasurer of the board of education of the public schools in the city of Griffin, and in such official capacity he was indebted to Slaton, the defendant, the sum of $162 25, subject to reduction on final settlement, the same being $37 25, balance of salary for month of May, and $125 50 for month of June; that Slaton was employed by said board of education as principal teacher in the "Sam. Baily Male Institute," for the scholastic year of ten months, in 1874, at a salary of $125 per month, payable, by contract, at the end of each month; that the board had no right to discharge him except for cause; that Slaton had performed his service for the first term of the school for the year 1874, and the amount in the garnishee's hands admitted to be due, was for service already performed. Upon this statement of facts the court decided that the salary of the defendant, Slaton, was not subject to the process of garnishment. Whereupon the plaintiffs excepted. By the 3554th section of the Code, it is declared that all journeymen, mechanics, and day laborers, shall be exempt from the process and liabilities of garnishment on their daily, weekly, or monthly wages, whether in the hands of their employers or others; provided, that the wages of no person in the employment of another, shall be exempt from the process of garnishment when the consideration of the debt is for provisions for the use of the employee or his family, or when the consideration of said debt is for the board of himself or family. In giving a construction to this statue, in the case of *Caraker vs. Mathews*, 25 *Georgia Reports*, 571, this court held that the wages of an overseer employed for the year, at a fixed salary, which was to be paid daily or weekly, was exempt from the process of garnishment. It is difficult to say that a teacher in a private or public school, who faithfully performs his or her duty, is not as much a day laborer, within the meaning of the statute, as an overseer. But we do not put our

judgment in this case on that ground alone.  The defendant, Slaton, was employed as a teacher in a public school, by the board of education of the city of Griffin, created by an act of the general assembly for the purpose of educating the children of that city, which board of education had authority to employ teachers, receive its *pro rata* share of the public school fund of the state, as well as such sums as might be raised by taxation, and to expend the same in establishing and maintaining public schools in said city.  The defendant, Slaton, was employed by the board of education as a teacher, to promote the public interest, as contemplated by the act of the general assembly of the state, at a salary which was, by the contract, to be paid at the end of each month.  Teachers in the public schools of the state, as a general thing, belong to that class of persons who are dependent on their earnings in that capacity for the support of themselves and families.  There is no class of persons in the state whose services are more important to the welfare of the people thereof, than the industrious, competent teachers of the children of the country.  But if their wages, on which they and their families are dependent for support, is liable to process of garnishment, the public will be deprived of their services, because they cannot afford to engage in a business which must necessarily, if they perform their duty, occupy their whole time, and they cannot labor in their vocation, without meat and bread and wherewithal to be clothed.  The children of the state cannot be educated without competent teachers, and competent teachers cannot be obtained, if they are to be deprived of their wages for the support of themselves and families, by process of garnishment. Besides, if a judgment was rendered against the garnishee in this case, upon what property could it be enforced?  The garnishee is the secretary and treasurer of the board of education, and would not be liable in his individual capacity. The public funds in his hands could not be seized, as it would be as much against public policy to do so, as to garnishee a municipal corporation for the salaries of its officers, which this court has held cannot be done.  We therefore affirm the

judgment of the court that the salary of the defendant, Slaton, was not subject to the process of garnishment, on the ground of public policy, he being a teacher in a public school institution of the state recognized by the general assembly as such.

Let the judgment of the court below be affirmed.