RICHARDSON *et al.*, Appellants, *v.* INDEPENDENT SCHOOL-DISTRICT No. 1, Respondent.

Executions—Property Subject to Levy.

> The levy of an execution on a school-warrant of a judgment debtor prior to its receipt and acceptance by him creates no liability in favor of the plaintiff in the execution as against the school-district.

(Argued February 13, 1888; affirmed February 24; opinion filed May 24, 1888.)

Appeal from the district court of Grand Forks county; Hon. W. B. McCONNELL, Judge.

*Noyes & McLaughlin*, for appellants.

We concede the point, for sake of argument, that a school-district is a *quasi* corporation, and as such is not subject to garnishment. We cannot, however, see wherein the levy of the execution upon the warrant was in the nature of a garnishment. The warrant levied upon was personal property that belonged absolutely to the execution debtor, just as much as though it had been a horse, or any other article of personal property.

The officer made no attempt to levy upon the money in the hands of the respondent, but levied upon the warrant itself as an article of personal property, which it undoubtedly was.

The account of the execution debtor had been audited by the respondent, the warrant had been executed by the proper officers, and there was nothing more to be done by them.

Had the officer gone to the treasurer, and attempted to levy upon the money in his hands awaiting the presentation of the warrant, then the position taken by counsel, that the proceedings were in the nature of garnishment, would be tenable, but here we levy upon the evidence of the debt, not upon any funds provided for its payment.

It is universally held that if A. execute a negotiable note to B., that C., a creditor of B., cannot garnish A. for money owing to B. by A. on the note; yet that C. could levy upon the note itself, the evidence of debt, is just as universally held.

Section 314, C. C. Pro., provides what property is subject to execution. This section would seem to exempt no property except what might be claimed by the debtor under the execution laws. And this section, in connection with section 320, would fully warrant the respondent in delivering the warrant to the officer, as was done in this case, and that the officer's receipt therefor would have been a sufficient discharge and protection to the respondent as against any claim by the debtor. That section provides "that any person indebted," etc., and in this section the word "person" includes not only human beings, but bodies politic or corporate as well.  See C. C. § 2112.

*W. L. Wilder,* for respondent.

A school-district is a municipal corporation, and cannot be garnished, even by its own consent, unless the debtor also consents. Exemptions to garnishment belong to the person whose debt is garnished, rather than the debtor. It is against public policy to allow the wages of persons in public employment to be reached by garnishment.  39 Mich. 484, 5 N. W. Rep. 912.

When a statute provides that corporations may be attached, the meaning of the word "corporation" must be restricted to mean, private or ordinary business corporations, and not to ex-

tend to and embrace municipal corporations or bodies politic. *Wallace* v. *Lawyer,* 23 Am. Rep. 665, which is a decision construing a statute worded precisely like that of this territory.

The complaint shows that the money attempted to be garnished was at the time in the custody of the law, and therefore not liable to attachment or garnishment.   Waples, 218.

This rule applies to city and county treasurers.   *Burnham* v. *Fond du Lac,* 15 Wis. 193; *Buckley* v. *Eckert,* 3 Pa. St. 368; *Rivins* v. *Harper,* 59 Ill. 21; *Casey* v. *Davis,* 100 Mass. 124; *Dunlap* v. *Peterson Fire Ins. Co.,* 74 N. Y. 145.

Appellants claim that the levy was made on the voucher and not the money.

The complaint is here, however, for construction, and we submit it for the court's consideration; maintaining, however, that in either case the alleged levy was abortive and void.

If it is held that the levy was made upon the money, it is in the nature of a garnishment, and is governed by all the rules laid down by the courts as hereinbefore cited, denying the right and forbidding the remedy.

If it be held that the levy was made upon the alleged *voucher,* we submit that, under the facts set forth in the complaint, the so-called "voucher" is neither an article of property nor a chose in action, and that it cannot, in any phase of the positions taken by appellants, be considered as negotiable paper, nor can any of the laws governing the latter be applied to it.

The one essential requisite to the legal existence of said paper as a voucher creating any liability against defendants, viz., delivery and possession to and in the payee named therein, is wanting.   *Merrill* v. *Campbell,* 5 N. W. Rep. 912.

THOMAS, J.   This is an appeal from a judgment for costs rendered in favor of respondent in this case in the court below.

The complaint, among other things, alleges that the plaintiff obtained judgment before a justice of the peace against one Alice Gorman for the sum of $100 and costs; that a transcript, duly certified, of said judgment, was filed and made a matter of rec-

ord in the office of the clerk of the district court of Grand Forks county; that execution was issued out of and under the seal of the district court to satisfy said judgment out of the personal property, etc., of said Alice Gorman; that said execution was indorsed by said plaintiffs, and delivered to the sheriff of said county; that by virtue of said execution said sheriff levied upon certain moneys belonging to the said Alice Gorman then in possession of the defendant herein; defendant then and there acknowledged that it had moneys in its hands and under its control belonging to said Gorman, and through its duly-authorized officer delivered to the sheriff a voucher or warrant No. 842 for the sum of $60, by which sum the judgment against said Gorman was credited; that the defendant has failed and neglected to pay the said warrant or voucher, or any part thereof, though often requested to do so.

To this complaint defendant interposed a general demurrer, which was sustained by the court, and, plaintiff failing to amend, judgment was rendered in favor of defendant for costs.

The action of the court in sustaining the demurrer is substantially the only assignment of error relied upon in this case.

It appears from the complaint that the procedure had against the defendant was in the nature of garnishment, and, as under the law of this territory the defendant is a *quasi* public corporation, it is urged by defendant that it could not be made subject to proceedings in the nature of attachment or garnishment. This position is conceded by counsel for plaintiff, but it is insisted on behalf of plaintiff that it was not a garnishment, but that the sheriff levied the execution upon the warrant or voucher, which at the time was the property of Alice Gorman. If this insistment be true, and had been sufficiently alleged in the complaint, it might be material and of some avail; but conceding that it was a levy upon the voucher, and that the fact is sufficiently pleaded, it still seems to us that this would not entitle them to recover against the defendant, for the reason that it appears upon the face of the complaint that Alice Gorman, the judgment debtor, had never received or accepted the voucher,

nor had it ever been issued or delivered to her.   It was simply written out by the clerk of the school board in her name, and was subject to be revoked before delivery by the action of said school board.

We are therefore clearly of the opinion that the voucher in question had never become her property, and hence a levy upon it could fix no liability on the defendant.   Whatever property existed in said voucher was in and under the control of the school board.

This view is fully maintained on principle, and also by a well-considered case, the facts of which are almost identical with the case at bar, handed down by the supreme court of Wisconsin, reported in 5 N. W. Rep. 912, in the case of *Merrill* v. *Campbell.*

We have not discussed, nor is it necessary to pass upon, the question of the exemption of the defendant corporation from garnishment proceedings, for the reason that it is conceded by counsel for appellant that this proceeding was not of that character; but he contends that it was a levy upon choses in action, instead of a proceeding in the nature of garnishment.   This doctrine has, however, been upheld by many of the courts of the states of the Union on the ground of public policy, among which we cite the following cases and authorities:   1 Dill. Mun. Corp. § 101, and notes; Drake, Attachm. c. 22, § 494; Freem. Ex'ns, 133; *Clark* v. *School Com'rs*, 36 Ala. 621; *Ross* v. *Allen*, 10 N. H. 96; *Stephens* v. *Harper*, 59 Ill. 21; *Millison* v. *Fisk*, 43 Ill. 112; *Morgan* v. *Smith*, 4 Minn. 104, (Gil. 64;) *School-Dist.* v. *Gage*, 39 Mich. 484; *McLellan* v. *Young*, 21 Amer. Rep. 276, 54 Ga. 399; *Buckley* v. *Eckert*, 3 Pa. St. 386; *Casey* v. *Davis*, 100 Mass. 124; *Dunlap* v. *Peterson Fire Ins. Co.*, 74 N. Y. 145.

The judgment is in all things affirmed.

All the justices concurring.