Born *et al. vs.* Williams & Brother.

1. A municipal corporation invested by statute with power to establish and maintain public schools, is not subject to garnishment in respect to a debt which it owes for work done on a municipal school-house.
2. Dissolving a garnishment under the act of October 15th, 1885, by

giving bond and security, will not hinder the debtor from setting up that the debt seized was not subject to process of garnishment. He may insist on the exemption whether the garnishee does so or not, and if his claim be well-founded, no judgment can be entered up on the bond given to effect the dissolution.

November 9, 1888.

Garnishment. Municipal corporations. Practice. Before Judge VAN EPPS. City court of Atlanta. June term, 1888.

Reported in the decision.

HAYGOOD & DOUGLAS and JOHN B. GOODWIN, for plaintiffs in error

MAYSON & HILL, *contra.*

BLECKLEY, Chief Justice.

Williams & Bro., creditors of Born, caused garnishment to issue, and had it served upon members of the building committee of the board of education of the city of Atlanta. The city has a public school system, and is empowered by statute to maintain schools. It was indebted to Born when the garnishment was served, for work done on one of its school-buildings, and became further indebted to him on the same account pending the summons, and before answer to it was made by the mayor. Born, also before answer by the mayor, gave bond and security, thus dissolving the garnishment, and thereupon the money was paid to him by the city. The answer being in and admitting indebtedness on the part of the city, Williams & Bro. moved to enter judgment upon the bond, against Born and his surety, in terms of the statute, code, §3540. This was resisted on the ground that the debt seized by the garnishment was not subject to such process. The court held it was sub-

ject, and granted the application to enter the judgment.

1. Whether upon principle, in the absence of a specific statutory provision, municipal corporations are subject to the process of garnishment, is a question upon which judicial opinion is not uniform. In some of the States the decisions hold the affirmative, in others the negative. Most of the cases on the subject are cited in Waples on Attachment and Garnishment, and in the last edition of Drake on Attachments. Taken broadcast, they make the impression that the current of authority is with the negative. The strength of the argument, as commonly presented, involves two considerations affecting public policy. The first is, that officers charged with municipal functions, should devote their time and labor to the public service, and not be burdened with care and attention respecting suits in which the public, as such, has no interest. To answer garnishments often requires preparation by examination of accounts, or otherwise collecting facts on which to base the answer in each case. To have the answers drawn, verified and filed is a further tax on official time and diligence. The result in the aggregate, especially in large cities, may be a serious interference with the transaction of current municipal business, since the garnishments to be attended to from time to time may not only be numerous, but scattered through various courts, such as the justice's court, the city court, the superior court, and perhaps the circuit court of the United States. Furthermore, the answers may be contested as to their sufficiency, their truth traversed, etc., and to uphold them may require the city to engage in expensive litigation. The second consideration is, that to arrest or delay payments by a city for labor, services or supplies, would seriously disturb, and sometimes wholly obstruct its arrangements for procuring these

necessaries, lead to frequent changes of employés and contractors, cause unfinished work to be abandoned or suspended for lack of prompt payments, etc., etc.

To these general considerations, others, local and special, arising out of our garnishment system, and out of our restrictive policy as to the creation of municipal debts and liabilities, might be added. In Georgia, it is not required that a person garnished should be indebted when the garnishment is served; if he becomes indebted before making his answer, the seizure is effectual. Code, §3536a. He may be garnished again and again, pending suit or after judgment, so long as the moving creditor may choose to repeat the summons on the terms prescribed. Code, §§3522, 3536, 3302. He may answer or not at his pleasure; there is no statute to compel him; but if he fails to answer, he becomes liable, whether he is indebted or not, to discharge the judgment which the garnishing creditor has obtained or may obtain against his own debtor. Code, §§3304, 3536. To obtain a summons of garnishment, no creditor has to swear or suggest that the person to whom it is addressed is the debtor of his debtor, or that he is likely to become such. He may legally "shell the woods" without swearing or even telling a lie for the privilege. Nor is he required to give any bond or make any promise to restrain him from hitting or hurting any disinterested person who may happen to be in the woods. The bond he gives is for the protection of his own debtor, not in any respect for the protection of the garnishee. Code, §§3533, 3266. The law devolves on the garnishee the burden of disclosing his true relation to the case, and for omitting to answer in due time, it visits him, as already said, with the invariable consequence of judgment, limited in amount only by the judgment which it is intended to satisfy; in other

words, unless the garnishee answers to the contrary, the law conclusively presumes not only that he is a debtor of the defendant in the principal case, but that he owes enough to pay that person's debt, how large soever it may be.   By simply failing to answer garnishments, whether from negligence, forgetfulness or obstinacy, the mayor or other chief officer of a municipality might involve it without limit in judgments for money which it never owed, and consistently with the constitution and laws, could not owe rightfully.   Again, should the answer be made and duly filed, if by design or mistake it admitted as due a sum not due, the admission would be binding, and thus a municipal debt of any amount might arise out of a mere admission of a single officer. To make these possible results of the garnishment system, if applied to towns and cities, harmonize with the constitution of 1877, which guards with such jealous vigilance municipal as well as State and county credit, would seem difficult.

. But we need not and do not decide the broad question, in order to dispose of the present case.   Born was a person in the employment of the city of Atlanta, (whether as contractor or laborer does not appear), to work upon a school-building belonging to the city. The debt which it owed him was for such work, part of it accruing before and part after the garnishment was served.   Consequently the case is controlled, in principle, by *Hightower vs. Slaton*, 54 *Ga.* 108, in which it was held that the salary of a teacher in the employment of the board of education of the city of Griffin, was not subject to garnishment at the instance of one of his creditors, the court saying: "The children of the State cannot be educated without competent teachers, and competent teachers cannot be obtained if they are to be deprived of their wages for the support of themselves

and families by process of garnishment. Besides, if a judgment was rendered against the garnishee in this case, upon what property could it be enforced? The garnishee is the secretary and treasurer of the board of education, and would not be liable in his individual capacity. The public funds in his hands could not be seized, as it would be as much against public policy to do so as to garnishee a muncipal corporation for the salaries of its officers, which this court has held cannot be done." In order for public schools to be maintained and rendered efficient, it is no less necessary that school-houses should be erected and repaired, than that teachers should be employed, and their continuous service secured, to give instruction within such houses. Any interference with building or repairing these edifices is as much contrary to public policy as like interference with the vocation of teacher. The whole public school system should be, and we think is, exempt from molestation by the creditors of those whom the public may employ to provide for or conduct the schools.

2. The point was made in argument that, by dissolving the garnishment, Born waived the right of making the question as to the fund being exempt, the city itself having raised no such question. Whilst, no doubt, the exemption exists chiefly for the benefit of the public, it does not follow that the individual concerned may not take and claim the fruits of it, under the act of October, 1885, (acts 1884-5, p. 96.) This act was construed in *Linder vs. Benson,* 78 *Ga.* 116, and the ruling was to the effect indicated. It could not, under the terms of the act, have been otherwise.

Judgment reversed.