H. M. KEIN, Appellant, v. THE SCHOOL DISTRICT OF THE CITY OF CARTHAGE, Garnishee of GEO. B. WOOD, Respondent.

**Kansas City Court of Appeals, December 1, 1890.**

1. **Garnishment:** SCHOOL DISTRICT NOT SUBJECT TO. A school district is a public corporation, and, like a municipal corporation, is not subject, under the statute, to the process of garnishment.

2. **Construction:** SCHOOL DISTRICT : PERSON : PRIVATE CORPORATIONS. The word "persons" in the garnishment statute cannot be construed to include school districts; provisions of the statute relating to private corporations have no application to school districts.

*Appeal from the Jasper Circuit Court.*—HON. M. G. MCGREGOR, Judge.

AFFIRMED.

*Thomas & Hackney*, for appellant.

The court erred in discharging the garnishee. Under our statute, section 5218, Revised Statutes, 1889, all persons ( and corporations, section 6568) are subject to garnishment, except such as are specially exempted by section 5220, Revised Statutes, 1889. The trial court ruled that a school district was a municipal corporation, and hence exempt. Notwithstanding the decisions of courts in other states, our supreme court decided in 1873, in case of *Heller v. Stremmel*, 52 Mo. 309, that a school district was not a municipal corporation. This is the law in this state, and is decisive of this case.

*McReynolds & Halliburton*, for respondent.

A school district is a public corporation, and it is against public policy to subject public corporations to the process of garnishment. *State to use v. Tiedeman*, 69 Mo. 306; *State ex rel. v. Leffingwell*, 54 Mo. 471; Waples on Attachment & Garnishment, p. 230, and following; *McLellan v. Young*, 21 Am. Rep. 276; *Hightower v. Slaton*, 21 Am. Rep. 273; *Switzer v. Wellington*, 19 Pac. Rep. 620; *Wallace v. Lawyer*, 23 Am. Rep. 661; *City of Memphis v. Luski*, 24 Am. Rep. 421; *State v. Eberly*, 12 N. W. Rep. 96; *School Dist. v. Gage*, 33 Am. Rep. 421; 8 Am. & Eng. Cyclo., p. 1132, and note; *Luthy v. Woods*, 1 Mo. App. 167.

SMITH, P. J.—The plaintiff brought suit by attachment against George B. Wood, and caused the School District of the City of Carthage to be summoned as a garnishee, which appeared in the cause and moved the court to discharge it because not subject nor liable to garnishment. The motion was sustained, and judgment was accordingly rendered discharging the garnishee, from which judgment plaintiffs have appealed.

I. The appeal questions the propriety of the action of the trial court in discharging the garnishee—the school district. Turning to the statute in relation to garnishment, section 5218, Revised Statutes, we find that it is there provided that all persons shall be subject to garnishment on attachment who are named as garnishees in the writ, etc. The words "persons," by another statute, sections 6585, 6586, is required to be construed so as to include corporations in all cases unless it be otherwise specially provided, or unless there be something in the subject or context repugnant to such construction. Section 5220 provides that no municipal corporation or any officer thereof shall be liable to be summoned as garnishee. So that the question is whether a school district comes within the interdict of this statute. It has been held that a school district is a public corporation, and for that reason not subject to the process of execution, at least so far as any school building or property is concerned. *State ex rel. v. Tiedeman*, 69 Mo. 307; *Heller v. Stremmel*, 52 Mo. 309. While school districts are invested with certain corporate powers ( R. S., sec. 7969) section 2541, Revised Statutes, relating to private corporations, provided that nothing contained in that article ( art. 2, ch. 42 ) shall be construed to extend to any county or township or to any public university, academy, seminary or *school incorporated by the laws of this state*. *Luthy v. Woods*, 1 Mo. App. 167, was where the board of directors of the St. Louis public schools were indebted to Woods and Barnes ( contractors for building a schoolhouse ), who were insolvent and indebted to the plaintiff, and it was held that an action in equity against the school board, to satisfy the plaintiff's debt out of the amount it owed Woods and Barnes, could be sustained on the ground that Woods and Barnes were insolvent, and the school board was not subject to garnishment. The case is again reported

in 6 Mo. App. 67, when it was finally disposed of without any departure from the ruling made when it was first decided. In *Dodd, Brown & Co. v. Levy*, 10 Mo. App. 121, Judge THOMPSON on referring to the case of *Luthy v. Woods* said, that "the fund against which the creditor proceeded without first establishing his demand by judgment was in the hands of the St. Louis school board, so that, by force of the statute, it was not subject to garnishment either under an attachment or execution." Nowhere has it been decided, as far as we have been able to discover, that a school district is a municipal corporation. But, while not technically a municipal corporation, it is, in many respects, very analogous. It is a public corporation as well as is a municipal corporation. The reasons, independent of the statute, why a municipal corporation is not the subject of garnishment, are equally cogent as to it as a public corporation. Waples on Attachment & Garnishment, p. 231. The government of the school districts is vested in a board of directors. Their powers and duties are prescribed by statute. For the performance of these duties they receive no salary or compensation. It is a trust reposed in them—the execution of which is oftentimes attended with much difficulty and embarrassment; and to allow them to be subject to garnishment for any debt that may be supposed to be due by them to any attachment defendant, it seems to us would contravene the policy of the school law. It doubtless would greatly frustrate these humble, but necessary, officers in their laudable endeavors to carry on the free public schools, if the funds which came into their hands for that purpose are to be condemned and taken from them by the courts of law, by the process of garnishment. We think the public policy of the state forbids this.

In Georgia, and, perhaps, in other states, it has been held that it is as much against public policy to

allow funds in the hands of the treasurer of a school board to be seized by garnishment as to garnish a municipal corporation, which it had been decided could not be done. *Hightower v. Slaton*, 54 Ga. 108. In *School District v. Gage*, 39 Mich. 484, it was held that a school district was clearly such a corporation as was not subject to garnishment. Since the statute ( section 2541 ) has expressly provided that none of the sections in relation to private corporations shall extend to any school incorporated by the laws of this state, it necessarily follows that school districts are not subject to the process of garnishment like private corporations.

The construction that the word " person," as employed in section 5218, included school-district corporations is, in our opinion, repugnant to the provisions of section 2541. The provisions of the statute relating to private corporations have no application to corporations of this kind. It being a public corporation, it is left like a municipal corporation not subject under the statute to the process of garnishment. *Pendleton v. Perkins*, 49 Mo. 535.

In view of decisions of the St. Louis Court of Appeals, to which we have referred, and the construction which we have placed upon the statute, we feel constrained to hold that the School District of the City of Carthage is not subject to garnishment for the debt claimed to be due by it to the attachment defendant. It results that the judgment will be affirmed. All concur.