measure of recovery as to penalty being prescribed in the act.  A county court organized under the general law has, by virtue of this act and of section 282 of the code, jurisdiction to try and render judgments in cases originating under the act.

March 27, 1893.  Argued at the last term.          *Judgment reversed.*

Action for penalty.  Before Judge FISH.  Sumter superior court.  January, 1892.

Solomon sued the telegraph company in the county court, for the statutory penalty for failure to transmit and deliver a message with impartiality, good faith and due diligence.  Appeal was taken to the superior court, where defendant moved to dismiss the case on the ground that the county court did not have jurisdiction in such actions, the jurisdiction of said court only extending to civil cases of contract and for · damages in cases of tort.  The motion was sustained.

HUDSON & BLALOCK, for plaintiff.
GUSTIN, GUERRY & HALL, for defendant.

---

BANK OF SOUTHWESTERN GA. *v.* MAYOR, ETC. OF AMERICUS.

This case is controlled by the case of *Born* v. *Williams*, 81 *Ga.* 796.

March 27, 1893.  Argued at the last term.          *Judgment affirmed.*

Garnishment.  Before Judge FISH.  Sumter superior court.  May term, 1892.

Upon an indebtedness of Smith a summons of garnishment was issued, directed to the Mayor and City Council of Americus.  The garnishee answered that it contracted with Smith to construct a city hall and public school-house, both for public uses, and that whatever it owed Smith was due under this contract.  The answer was not traversed.  The court ruled that the corporation was not subject to garnishment for sums due a contractor for constructing public buildings.

JAMES DODSON & SON, for plaintiff.

E. A. HAWKINS and FORT & WATSON, for defendant.

MILBURN & COMPANY *v.* DAVIS & TATNALL.

1. The plaintiffs having declared upon a contract for the entire load-
ing of a vessel, alleged to have been made with them by a named
person acting for and in behalf of the defendants, an amendment
alleging that the defendants were liable upon another and distinct
contract for a partial loading of the vessel, made for defendants by
another person authorized to contract for and bind them, set up
a new and distinct cause of action, and should have been rejected.

2. The amendment having been improperly allowed, and the evi-
dence not supporting the original declaration, the verdict was con-
trary to law and the evidence, and the court erred in refusing a
new trial.                                   *Judgment reversed.*

March 27, 1893. By two Justices. Argued at the last term.

Action on contract. Before Judge SWEAT. Glynn
superior court. December term, 1891.

Davis & Tatnall, stevedores, sued Milburn & Company,
owners of the steamship Tiverton, for services in storing
cotton in the vessel. A verdict in favor of the plaintiffs
was rendered. The defendants excepted to the allowance
of an amendment to the declaration, and to the denial
of a new trial. The declaration alleged, that plaintiffs
were engaged by one Symmons to store and place on
board the vessel a cargo of compressed cotton to be
transported from Brunswick to Liverpool, which agree-
ment was not in writing; that in making the contract
Symmons was acting for the owners of the vessel, and
had authority to bind them for the employment of steve-
dores whose services were necessary in storing the cot-
ton in order to enable the vessel to carry out her voyage
and to earn her freight money, without which neither
could have been done; and that the plaintiffs entered
upon the performance of the agreement, stored a consid-
erable quantity of the cotton for which they were paid,