L. E. CHAMBERLAIN, PLAINTIFF, *v.* W. W. WAT-TERS, DEFENDANT, AND THE BOARD OF EDUCA-TION, OF OGDEN CITY, RESPONDENT.

BOARD OF EDUCATION NOT LIABLE TO THE PROCESS OF GARNISH-MENT.—A board of education incorporated under the laws of Utah Territory, is a public or municipal corporation, and is not liable to the process of garnishment for salary due a teacher, as 2 Comp. Laws 1888, § 3455, authorizing garnish-ment of corporations, applies only to private corporations.

(No. 529. Decided July 27, 1894. 37 P. R. 566.)

APPEAL from the District Court of the Fourth Judicial District. Hon. James A. Miner, *Judge.*

Action by L. E. Chamberlain against W. W. Watters and the board of education of Ogden City, garnishee. From a judgment against defendant Watters, but in favor of the board of education, plaintiff appeals. *Affirmed.*

*Messers. Lessenger & Beckwith,* for appellant.

Under a proceeding supplementary to execution, under § 3455, 2 Comp. Laws 1888, the board of education of Ogden City was garnished. It answered that it owed $190.00 for salary as a teacher, but claimed that it was exempt from the process of garnishment for the reason that it was a public municipal corporation. While this proceeding is in the nature of a garnishment, it is a substitute for a creditor's bill, and under § 3316, 2 Comp. Laws 1888, which provides that the court may order a delivery to the officer any money or other property in the hands of any person owing debts to the defendant, the court is authorized, having all the parties before it, to make such an order requiring the garnishee to turn over the money in his hands to the officer. 7 Cal. 201; 21 Cal. 298; 57 Cal. 220. Two important questions are to be determined: *First*—Can this fund belonging to the defendant be reached in the hands of the board of education by supplementary proceedings or bill in equity? *Second*—Does the statute prohibit in positive terms the garnishment of the board of education as created under chapter 15, Session Laws of 1892. *Quasi* municipal corporations are liable to have the usual legal remedies applied to them. *Ward* v. *County of Hartford,* 12 Conn. 404; *McCloud* v. *Shelby,* 10 Conn. 390; Wapples on Att. 234. The question of public policy never arises unless the statutes are not permissive and not imperative. 2 Wade on Att. §§ 345, 417; 2 Beach on Pub. Corporations, §§

1654–55; *Watterbury* v. *Board of Comm'nrs*, 26 Pac. 1002; *City of Denver* v. *Brown*, 18 P. R. 214; *Seymour* v. *School Dist.*, 53 Conn. 502; Dillon on Mun. Cor. § 101.

*Mr. E. M. Allison, Jr.*, for respondent.

If the board of education of Ogden City is to be held chargeable as garnishee:

(1) It would permit the garnishment of public money in the hands of public officers, i. e., *in custodia legis.*

(2) Being public officers, they would be constantly hindered in the settlement of their accounts with the municipality of which they were officers, to the injury of the public interests.

(3) Municipal corporations and their officers would be constantly hindered in the discharge of their public duties, if they were liable at any time to be called into the quarrels of litigants in which they have no interest.

(4) It would draw municipalities into litigation and occupy the time of their officers in expensive and vexatious suits.

(5) It would compel them to expend the money of the people in a matter wholly foreign to their creation.

(6) It would frequently impede public improvements, and the execution of contracts in which the public would be interested.

(7) It would turn municipalities into instruments or agencies for the collection of private debts.

It would frequently cause the public to lose the services of able and competent officers and agents. 1 Dillon Mun. Corp. § 101; Drake Att. §§ 10, 516; Wapples' Att. 230–239; 7 Lawson's Rights Rem. and Pr. § 3601; *School District* v. *Gage*, 39 Mich. 484; *Merwin* v. *Chicago*, 45 Ill. 133; *Hawthorn* v. *St. Louis*, 47 Am. Dec. 141. The salaries of teachers and other employés of school districts

are not subject to garnishment while in the hands of the officials whose duty it is to pay them. *Hightower* v. *Slaton,* 54 Ga. 108; S. C. 21 Am. Rep. 273; *Allen* v. *Russell,* 78 Ky. 105; *Bulkley* v. *Eckert,* 45 Am. Dec. 650; *Hadley* v. *Peabody,* 13 Gray, 200; *School District* v. *Gage,* 39 Mich. 484; *Spencer* v. *School District,* 11 R. I. 537; *Bivens* v. *Hooper,* 59 Ill. 21; *Millison* v. *Fisk,* 43 Ill. 112; *Clark* v. *School Com.,* 36 Ala. 621; *Tracy* v. *Hornbackle,* 8 Bush. 336; *School District* v. *Wood,* 13 Mass. 193; *Thayer* v. *Tyler,* 5 Allen, 95; *Colby* v. *Coates,* 6 Cush. 559. The word "person" or the phrase "persons or corporations," as used in the Code, does not embrace public municipal corporations, but only private corporations organized for pecuniary profit. *Switzer* v. *City,* 19 Pac. 620; *McDougall* v. *Supervisors,* 4 Minn. 184; *Merwin* v. *Chicago,* 45 Ill. 133; *Burnham* v. *Fond du Lac,* 15 Wis. 193; *Wallace* v. *Lawyer,* 54 Ind. 501; S. C. 23 Am. Rep. 665.

BARTCH, J.:

This is an action to recover the sum of $453.75, due on a promissory note. Judgment was entered in favor of the plaintiff for this sum, upon confession of the defendant. It appears from the record that the defendant Watters was a teacher in one of the public schools of Ogden, Utah, and that while the judgment remained unsatisfied there was due him, as salary, from the board of education, the sum of $190. Proceedings supplementary to execution were instituted, and an attempt made to garnish the defendant's salary in the hands of the board. Upon the hearing these proceedings were dismissed, and the board of education discharged. The plaintiff appealed from this order, as well as from the order overruling a motion for a new trial. The question is raised whether, under our laws, in proceedings supplementary to execution, a board of education

is subject to process of garnishment because of any indebtedness due to a teacher for salary.

Section 3455, Comp. Laws 1888, provides: "After the issuing or return of an execution against property of the judgment debtor, or of any one of several debtors in the same judgment, and upon proof by affidavit or otherwise, to the satisfaction of the judge, that any person or corporation has property of such judgment debtor, or is indebted to him in an amount exceeding fifty dollars, the judge may, by an order, require such person or corporation, or an officer or member thereof, to appear at a specified time and place, before him, or a referee appointed by him, and answer concerning the same." It is contended by counsel for appellant that this section is applicable to a board of education. It is clear that under our laws a board of education is a public municipal corporation. It forms one of the departments of the municipality. Its functions are exclusively of a public character, and its acts are performed for the public benefit. Its relation to the public is the same as that of any other municipal corporation. If, then, a board of education is subject to the process of garnishment, the phrase "any person or corporation" must embrace both public and private corporations, as is insisted in this case. There appears to be nothing in the context of the statute which would lead to such a conclusion, nor is there anything to indicate that such was the intention of the legislature.

It seems quite clear that the term "corporation" was used in the statute as a word of limitation, and refers solely to private corporations organized for private purposes, and does not refer to public corporations, or such as are created by law for the benefit of the people. Nor can a public or municipal corporation be subject to such proceedings upon any principle of public policy, for it forms a part of the government, and the public interests

will not permit it to become involved in litigation between private individuals, in which such a corporation has no interest. Such proceedings would not only engage such public corporation in much vexatious and expensive litigation, but would also occupy the time of its servants and officials in the management of affairs wholly foreign to the object of its creation, to the neglect of corporate duties. The interests of the public would thus become subservient to those of the private individual, and the money in the public treasury would be consumed at the bar of the courts in controversies between debtors and creditors, in which the public would have not the slightest interest. To fully appreciate the public inconvenience which would inevitably follow if such proceedings were held to apply to public corporations, it is but necessary to refer to the vast amount of revenue which such corporations are called upon to collect and disburse, and to the inconvenience which would follow in the settlement of their multitudinous accounts, and in the management of their affairs, if the money in the treasury was subject to be tied up indefinitely by such process. While such a proceeding, doubtless, would be desirable on the part of the creditor, to enforce his claim against the officer or servant of the corporation, yet we are of the opinion that public policy will not allow the corporation to be thus hampered in the administration of its affairs. We are aware that some of the cases are opposed to the conclusion reached, but it is apparent that it is supported by the great weight of authority. Drake, Attachm. § 516; 1 Dill. Mun. Corp. § 101; *Merwin* v. *City of Chicago*, 45 Ill. 133; *City of Erie* v. *Knapp*, 29 Pa. St. 173; *School Dist.* v. *Gage*, 39 Mich. 484; *Hawthorn* v. *St. Louis*, 47 Am. Dec. 141; *Switzer* v. *City of Wellington* (Kan.), 19 Pac. 620; *McDougal* v. *Supervisors*, 4 Minn. 184 (Gil. 130); *Burnham* v. *City of Fond du Lac*, 15 Wis. 211.

But there is another reason why the contention of coun-

sel cannot avail the appellant. In the case at bar the defendant Watters was a teacher in one of the public schools in the city of Ogden, regularly employed by the board of education, which board was created by authority of the legislature for the benefit of the public. Thus employed, he was a public servant, receiving a stipulated salary; and no portion of such salary, so long as the money remained in the hands of the board, was subject to the process of garnishment. There is perhaps no class of persons more intimately connected with the welfare of the municipality than the teachers in the public schools. Their labors are of interest to the entire body of the people. As a general rule they belong to that class of persons who depend upon their salaries for the support of themselves and families. As a class, they are honorable, industrious public servants, and are generally poorly paid. If their wages, intended for the support of those dependent upon them, were subject to process of garnishment, the public might be deprived of their services at any time, and suffer great inconvenience because of interruptions in the management of the schools which would thus occur. The children of the country cannot be educated without competent teachers, and those teachers, usually devoting their whole time to their vocation, must have the necessaries of life; and their salaries ought not be subject to process which will tie them up, in the hands of a board of education, for an indefinite length of time, in disregard of the public interest. The territory has undertaken to establish, at great expense, a system of public schools, and it cannot allow the wages of the teachers to be intercepted, at the risk of the efficiency of the system being thereby impaired. *Bulkley* v. *Eckert*, 3 Pa. St. 368; *Bivens* v. *Harper*, 59 Ill. 21; *Hightower* v. *Slaton*, 21 Am. Rep. 273; *Allen* v. *Russell*, 78 Ky. 105; *Wallace* v. *Lawyer*, 23 Am. Rep. 661.

There appears to be no error in the rulings of the court, as shown by the record. The judgment is affirmed.

MERRITT, C. J., and SMITH, J., concur.