## BOARD OF EDUCATION OF CITY AND COUNTY OF SAN FRANCISCO v. BLAKE et al.

### No. 15,641; December 3, 1894.

#### 38 Pac. 536.

**Garnishment.**—A Board of Education is not subject to garnishment.[1]

**Mechanics' Liens—Notices.**—Under Code of Civil Procedure, section 1184, providing, in regard to mechanics' liens, that the owner shall retain a certain percentage of the contract price for thirty-five days after the completion of the work, and that the materialmen, etc., may at any time serve notice on the owner of their claim for material furnished or labor performed, whereupon the owner shall retain sufficient of the money due or to become due the contractor to satisfy such claims, the notices may be served after the expiration of the thirty-five days, provided there are funds due the contractor still in the hands of the owner.[2]

**Mechanics' Liens.**—A County Deposited Money Due a Contractor in court, and two creditors of the contractor, one only of whom had a lien on the fund, together with the contractor, were ordered to interplead for the same. The contractor failed to set up any claim to the fund. Held, that the balance of the fund left after satisfying the creditor's lien should be paid to the other creditor to satisfy a judgment held by him against the contractor, instead of to the contractor.

APPEAL from Superior Court, City and County of San Francisco; James E. Murphy, Judge.

Action by the board of education of the city and county of San Francisco against John Blake and others to compel defendants to interplead and litigate their claim to a certain fund deposited in court. From a judgment for defendant J.

---

[1] Cited with approval in Buchanan v. A. B. Spencer Lumber Co. (Tex. Civ. App.), 134 S. W. 294, the court there going on to say that one to whom a debt exempt from garnishment is due can waive the exemption, but unless he does so his debtor cannot.

[2] Cited and approved in First Nat. Bank v. Perris Irr. Dist., 107 Cal. 61, 40 Pac. 47, a case in which the contractor had assigned his claim before completion of the work, so that the controversy was really between the plaintiff and the assignee, who had intervened.

D. De Gear, defendants, the Kennedy & Shaw Lumber Company and others appeal.   Modified.

William H. Jordan for appellants; Bert F. Miller for respondent.

HAYNES, C.—Defendant Blake erected an addition to a school building under a contract with the plaintiff, and completed the same September 14, 1892, at which date there remained unpaid $829.45 of the contract price, which, by the terms of the contract, was not payable until thirty-five days after the completion of the work, as required by the statute, a sum insufficient to pay all the subcontractors and materialmen in full. Nine days after completion appellants commenced an action at law against Blake, the contractor, and served process of garnishment upon the board of education. Afterward De Gear and other claimants (who afterward assigned to him) served upon the board notices of their several claims, as provided by section 1184 of the Code of Civil Procedure, some of these notices being served before the expiration of the thirty-five days and others after such expiration. After these notices were all served, respondent De Gear also commenced an action against the contractor, and garnished the board of education, and both appellants and respondent obtained their several judgments against the contractor. The board of education thereupon commenced this action, paid said sum remaining in its hands into court, and obtained an order requiring the several defendants to interplead, and litigate their respective claims thereto. The defendants (except the contractor, who made no claim) interpleaded, and the cause was submitted upon facts agreed, and findings were filed and judgment entered awarding De Gear $601.26, the amount of his claim, including the assigned claims, and $6.50 costs, but making no disposition of the remainder of the fund. From this judgment appellants have appealed upon the judgment-roll.

In addition to the foregoing, the court specially found that appellants did not at any time serve upon the board of education any notice in writing of their claim, other than said notice of garnishment. So far as appellants are concerned, they proceeded against Blake as general creditors without any

reference to the fact that their claims were for materials furnished for the building erected for the plaintiff; and the question is, therefore, whether a general creditor, under the circumstances of this case, can, by an ordinary action at law against the contractor, and garnishment served upon the board of education, acquire any right to the funds in its hands to the exclusion of respondent, or any right to share in the fund to the prejudice of respondent. In the recent case of Skelly v. School Dist., 103 Cal. 652, 37 Pac. 643, it was held that a school district is not subject to garnishment. That case, therefore, disposes of any claim appellants could make upon the fund so far as it is based upon the garnishment. The effect of the service of notices of their claims by respondent and his assignors is also settled by Bates v. Santa Barbara Co., 90 Cal. 543, 27 Pac. 438. It was there held that a written notice of his claim, served by the mechanic or materialman upon the county under section 1184 of the Code of Civil Procedure, made it the duty of the county to retain sufficient funds to answer such claim; that the county thereupon became liable as upon garnishment or assignment; that it is a form of equitable subrogation regulated by statute; that the right of the parties giving the notice does not depend upon their right to a lien; and that "the right to control and direct the funds remaining in the hands of the owner is as distinct and independent as the right to file and enforce a lien." The statute required that this fund should be held by the board for thirty-five days after the completion of the work for the benefit of those who performed labor or furnished materials to the contractor, and who should serve the notice provided by section 1184 of the Code of Civil Procedure. A payment within that time, either to the contractor or under a garnishee process to a creditor of the contractor, could not diminish this fund. The board was during such period a statutory trustee of the fund for the benefit of the mechanic or materialman who should comply with the requirements of law, and for that reason also not subject to garnishment; and not being, then, subject to garnishment, no right to the fund was acquired by appellants as against those who by pursuing the statute acquired or perfected their right thereto. Appellants claim, however, that as against those claims of which notice was served after the expiration of the

thirty-five days they should be preferred; that the right of subcontractors and materialmen to serve notice of their claims expired when the last payment became due.  It is true the board might have safely paid to the contractor at the expiration of the thirty-five days any money in its hands not required to pay claims of which notice had theretofore been served; but we think such notices may properly be served so long as the fund remains in the hands of the owner of the building, and that, if it were otherwise, appellants, having failed to acquire a right to the fund under the provisions of the code relating to mechanics' liens, cannot complain.

As to appellants' contention that they should have been awarded the remainder of the fund (said to amount to $221.69), we think it should be sustained; not, however, upon the ground that the right to it was acquired by the garnishment, but because the board voluntarily paid the money into court, and required appellants to interplead concerning it. They already had their judgments against Blake, who was a party to the suit, and who made no objection to such application of the fund, and he was the only party who could object.  The money must be paid either to Blake or the appellants, and we think Blake's failure to contest the right of appellants justifies a judgment in favor of the latter for the remainder of the fund.  The judgment appealed from should therefore be modified so as to award the remainder of the fund in the hands of the court to appellants, but without costs, and as modified, that the judgment be affirmed, appellants to pay the costs of this appeal.

We concur: Belcher, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment appealed from is modified so as to direct the payment of any balance that may remain of the funds in the hands of the court to appellants according to their several rights, but without costs; and, as modified, that the judgment be affirmed, at the cost of appellants.