BUCHANAN v. A. B. SPENCER LUMBER CO. et al.

(Court of Civil Appeals of Texas. Jan. 25, 1911. On Motion for Rehearing, Feb. 15, 1911.)

1. GARNISHMENT (§ 201*)—PRIORITY.
The board of trustees of a school district filed an answer as garnishee, admitting an indebtedness to defendant for material, furnished under written contract, used in erection of a school building. Petitioner filed an intervention on the ground that the original defendant had given him promissory notes secured by its contract with the garnishee, which notes were still unpaid. Held, that petitioner had a prior right to the money, as the transaction alleged by him was in effect an assignment of whatever was due or might become due under the contract to the extent of the amount due on the notes.
[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 394; Dec. Dig. § 201.*]

2. GARNISHMENT (§ 1*)—NATURE—PROCEEDING IN REM.
Garnishment is in its nature a proceeding in rem, and the garnishee is the receiver of the court to hold the res until it is determined who is entitled to it.
[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 1; Dec. Dig. § 1.*]

3. GARNISHMENT (§ 1*) — COMPLIANCE WITH STATUTE—NECESSITY.
The only authority for garnishment proceeding is statutory, and the plaintiff must follow the statute strictly, as the garnishee cannot safely waive compliance with any of its substantial requirements, or submit to an unauthorized garnishment.
[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 1; Dec. Dig. § 1.*]

4. GARNISHMENT (§ 17*)—INTERVENTION.
As school districts are not subject to a garnishment, the holder of an assignment of a contract with the school board as security for a note cannot be deprived of such security by garnishment proceedings by other creditors of the assignor, and it makes no difference whether the garnishee knew of such assignment when the writ of garnishment was served or not.
[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 32–34; Dec. Dig. § 17.*]

5. GARNISHMENT (§ 20*) — WAIVER — EXEMPTIONS.
One to whom a fund exempt from garnishment is due can waive the exemption; but, unless he does so, his debtor cannot.
[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 40; Dec. Dig. § 20.*]

Appeal from Uvalde County Court; T. M. Milam, Judge.

Action by the A. B. Spencer Lumber Company and others against the Read Land & Lumber Company, in which the Board of Trustees of School District No. 1 of Zavala County was garnished, and in which William Buchanan filed an intervening petition claiming the fund. From an order striking out the intervening petition, petitioner appeals. Reversed and remanded.

Love & Williams, for appellant. Martin, Old & Martin, for appellees.

NEILL, J. On October 30, 1909, A. B. Spencer Lumber Company, a corporation, having sued the Read Land & Lumber Company, another corporation, for an indebtedness of $747.90, sued out a writ of garnishment against the board of trustees of school district No. 1 of Zavala county, Tex., alleging that it had in its hands as trustees effects belonging to said defendant. After the writ was served upon said board of trustees, it appeared with the county judge of Zavala county in the county court of Uvalde county, wherein the original suit was pending, and, without waiving any of the legal rights, privileges, or exemptions of a school district, answered that it was indebted to said Read Land & Lumber Company in the sum of $300 for certain material furnished it by said defendant under a written contract, which material was used in the erection of a schoolhouse in and for said district. Afterwards, on November 30, 1909, William Buchanan filed in the case a petition for leave to intervene, in which he alleged, in substance: That on June 11, 1909, the Read Land & Lumber Company executed and delivered him its three certain promissory notes for the sum of $252.40 each, payable, respective-

ly, 30, 60, and 90 days after date; and that for the purpose of securing their payment said company delivered to him its contract with said board of school trustees of common school district No. 1 of Zavala county, Tex., together with its several bills for material furnished to that date to be held as collateral security for the payment of said notes. That the notes above referred to are unpaid, and the contract signed by said board of school trustees and bills for material furnished it under said contract are still in the possession of the intervener and give him a prior right to any money that may be due said Read Land & Lumber Company by said school district on said contract. Having, presumably, obtained leave to intervene, he, on the same day, filed in the cause what is styled "Plea of Intervention," which contains a general demurrer to plaintiff's original petition, the application for the writ of garnishment, and the defendant's answer to the writ. It also specially excepts to the answer of the board of school trustees, upon the ground that it shows upon its face that no judgment can legally be taken against said board, in that it is shown by the answer that the funds of said school district are held by it in trust for a public use, and it does not appear that the building, for which the indebtedness was incurred for material, has been completed. It then reiterates the allegations contained in his petition for leave to intervene in the case, alleging, however, in addition, that soon after the transfer of said contract of the Read Land & Lumber Company with said board of trustees, which, with the bills for material furnished thereunder, was delivered as security, its attorney notified the garnishee of such fact and requested it to pay him whatever money it was due thereon. But his plea contains no prayer for any relief whatever, either as against the plaintiff, defendant, or garnishee. On February 22, 1910, the plaintiff filed a motion to strike out intervener's claim and petition of intervention, and, at the same time, also filed its first supplemental petition. The motion to strike out is predicated upon the grounds: (1) That intervener's claim against the Read Land & Lumber Company is distinct and separate from that upon which plaintiff's cause of action against said company is predicated; (2) that the claim of intervener appears to be unsecured, no lien of any character being shown to exist on the fund due by the garnishee to said defendant; and (3) that, there being no privity of contract between intervener and plaintiff or the garnishee, no right of intervention on the part of the former exists. The supplemental petition contains exceptions to the petition of intervention, which are, substantially, the same as those embodied in said motion. The court, upon hearing the motion to strike out the intervener's petition of intervention, sustained the same, and then, upon trying the cause, as between the plaintiff and the garnishee, rendered judgment in favor of the former and against the intervener for all costs incurred by him. He has appealed from the judgment.

The only assignment we need notice is that which complains of the court's sustaining the motion to strike out intervener's pleadings of intervention. This action of the court does not extend to the sufficiency of his pleadings, but is to the effect that he had no right to intervene at all. If the exceptions contained in plaintiff's supplemental petition had been presented and sustained, intervener might have, by amending them, cured their defects, if there were any. But the blow dealt him was a solar plexus, a clear knockout before he could enter the fight for what he claimed he was entitled to. Therefore we need consider his pleadings only for the purpose of determining his right to intervene, for, if they disclose such right, as an intervener he was entitled to an opportunity to have his claim adjudicated though his petition or plea of intervention may have been open to some of the exceptions interposed thereto by the plaintiff. If, as is stated in his petition for leave to intervene, which was reiterated in his plea of intervention, defendant, the Read Land & Lumber Company, delivered to his attorney and agent its contract with the board of trustees of school district No. 1 of Zavala county, with the bills for material furnished under it, for the purpose of securing him in the payment of the promissory notes mentioned, then there was, in effect, an assignment to him of whatever was due or might become due the Read Land & Lumber Company by the board of said school district under such contract, to the extent of the amount due intervener on the notes, for the purpose of securing their payment. And whatever right the said company had to the money due or to become due on said contract, to the extent of its indebtedness to the intervener on said notes, passed to him by virtue of such assignment. It is apparent from the answer of garnishee that the sum of money it had on hand was due on said contract. This sum of money was the subject of controversy between the plaintiff and the intervener; the issue being which, as between themselves, had the superior right to the fund, the plaintiff by virtue of the garnishment proceedings, or the intervener by virtue of his assignment?

"Garnishment" is a proceeding by which the debtor is compelled to pay another than his creditor, and the right of the creditor is, against his will, transferred to another. It is in its nature a proceeding in rem, and the garnishee is the receiver of the court to hold the res until it is determined who is entitled to it. The only authority for such a proceeding is statutory, and the plaintiff must follow the statute strictly, and the garnishee cannot safely waive compliance with any of its substantial requirements, or submit to a judgment in an unauthorized garnishment.

Rood on Garnishment, §§ 5, 6. The garnishee can occupy no better position than if sued by the defendant. The one stands in the other's shoes.

In view of the matters alleged and the law applicable to them, we have no doubt as to the right of appellant to intervene in the case and show his right to the money in the hands of the garnishee, just as he could have done had the Read Land & Lumber Company instituted suit against the board of trustees (the garnishee) for the money due on the contract which was assigned him by said company as security for the debt it owed him.

The court erred in sustaining plaintiff's motion to strike out appellant's petition or plea of intervention, for which error the judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

In the motion for rehearing it is contended by appellees that: "The Court of Civil Appeals has erred in its holding that the allegation of the appellant, William Buchanan, stating that as the defendant, the Read Land & Lumber Company, 'had delivered to Buchanan's attorney and agent the contract the said Read Land & Lumber Company had with the board of trustees of school district No. 1 of Zavala county, together with the bills for material furnished under it for the purpose of securing said Buchanan in the payment of the promissory notes mentioned,' was a sufficient allegation to authorize said Buchanan to intervene, and that such allegation was in effect an assignment to said Buchanan of whatever was due, or might become due, the Read Land & Lumber Company by the board of said school district under such contract, to the extent of the amount due intervener on the notes for the purpose of securing their payment. And that whatever right the said company had to the money due or to become due on said contract, to the extent of its indebtedness to the intervener on said notes, passed to said Buchanan by virtue of such assignment."

Let it be conceded that the assignment of the Read Land & Lumber Company to Buchanan was only made as collateral security to secure the latter in the payment of the debt owed him by the former, still it was nevertheless an assignment for this purpose, and, unless such indebtedness has been paid, Buchanan, as against appellants, is entitled to such security and to have the money in the hands of the garnishee shown by its answer to be due on such contract appropriated to the payment of his debt. And as school districts, school boards, and the like are not subject to garnishment (Herring-Hall-Marvin Co. v. Bexar County, 16 Tex. Civ. App. 673, 40 S. W. 145; City of Sherman v. Shobe, 94 Tex. 127, 58 S. W. 949, 86 Am. St. Rep. 825; Herring-Hall-Marvin Co. v. Kroeger, 23 Tex.

Civ. App. 672, 57 S. W. 980; School Dist. No. 4 of Marathon v. Gage, 39 Mich. 484, 33 Am. Rep. 421; Hightower v. Slaton, 54 Ga. 108, 21 Am. Rep. 273; Chamberlain v. Watters, 10 Utah, 298, 37 Pac. 566; Skelly v. Westminster School Dist., 103 Cal. 652, 37 Pac. 643; Kein v. School Dist., 42 Mo. App. 460; Millison v. Fisk, 43 Ill. 112; Bivens v. Harper, 59 Ill. 21; Clark v. Mobile School Com'rs, 36 Ala. 621; Board of Education of City and County of San Francisco v. Blake [Cal.] 38 Pac. 536; Dollman v. Moore, 70 Miss. 267, 12 South. 23, 19 L. R. A. 222; Bulkley v. Eckert, 3 Pa. 368, 45 Am. Dec. 650; Born v. Williams, 81 Ga. 796, 7 S. E. 868; Bank of Southwestern Georgia v. Mayor, etc., of Americus, 92 Ga. 361, 17 S. E. 287), Buchanan, as the assignee of such fund, cannot, against his consent, be deprived of such security; and it can make no difference whether the garnishee knew of such assignment when the writ of garnishment was served or not. One to whom a fund exempt from garnishment is due can waive the exemption; but, unless he does so, his debtor cannot. City of Sherman v. Shobe, supra; Gilbert Book Co. v. Pye, 43 Tex. Civ. App. 183, 95 S. W. 10.

Therefore we overrule the motion, and direct the court below in trying the case to determine: (1) Whether the alleged assignment was made to Buchanan, or, which is the same thing, to his attorney for him; and (2) whether the debt, which the assignment was made to secure, has been paid; and, then, if the first question should be answered in the affirmative, and the second in the negative, to enter judgment in favor of Buchanan, the intervener, against the garnishee for all the money due the Read Land & Lumber Company on the assigned contract which it had on hand when the writ of garnishment was served, and against the A. B. Spencer Lumber Company, garnisher, for all costs incurred in this proceeding.

With such directions to the trial court, the motion is overruled.