14970.  BELL v. GEORGIA MILITARY COLLEGE et al.

BROYLES, C. J.  1. The judge of a county court has authority to direct a verdict where the amount involved in the case is less than $100, and the suit is filed to the monthly session or term of the court.

2. The Georgia Military College being a public institution of educational character within the meaning of the decision in the case of *Hightower* v. *Slaton*, 54 *Ga.* 108 (21. Am. R. 273), the salary of a teacher employed by it is not subject to process of garnishment.

3. Under section 5298 of the Civil Code (1910), as amended by the act approved August 14, 1914 (Ga. L. 1914, p. 62), the salary of a teacher in a public institution of this State is not subject to the process of garnishment, irrespective of whether the salary is to be paid daily, weekly, or monthly, or at the end of the scholastic year.

4. Applying the above rulings (which were made by the Supreme Court in answer to questions certified to it by this court,—158 *Ga.* 539), the judge of the county court did not err in directing a verdict for the defendants and a finding that the funds were not subject to the process of garnishment; and the judge of the superior court properly overruled the certiorari.

(a) The point raised in the brief of counsel for the plaintiff in error, that where the plaintiff fails to make out a case the court should award a nonsuit instead of directing a verdict, was not raised in the petition for certiorari, and that question, therefore, cannot be considered by this court. *Wall* v. *Hawker Pottery Co.*, 27 *Ga. App.* 255 (2) (108 S. E. 134), and citations.

*Judgment affirmed.  Luke and Bloodworth, JJ., concur.*

DECIDED AUGUST 8, 1924.

Certiorari; from Baldwin superior court—Judge Park.  August 6, 1923.

*Sibley & Sibley*, for plaintiff.

*Allen & Pottle* and *George S. Carpenter*, for defendants.