## 16811. CLAXTON BANK v. WAY.

Dissolution of the garnishment by giving bond did not prevent the garnishee from showing that the fund in its possession was not subject to the debt.

On the issue as to whether the fund in the bank was the individual property of the defendant or was held by him merely as agent, the evidence was in conflict, and the question should have been submitted to the jury. The court therefore erred in directing a verdict against the garnishee.

DECIDED MARCH 2, 1926.

Garnishment and claim; from city court of Claxton—Judge Burroughs. August 18, 1925.

*W. G. Warnell, C. L. Cowart,* for plaintiff in error.

*P. M. Anderson,* contra.

LUKE, J. C. R. Way sued A. Walpert, and caused summons of garnishment to be served upon the Claxton Bank. By its answer as amended the bank admitted having a large deposit to the credit of Walpert, but set up that the deposit was in truth the property of Latham Cotton Company, Walpert being the agent of that company and having possession of the fund solely as agent for it. Way traversed the answer of the garnishee. Walpert dissolved the garnishment by filing the statutory bond. Evidence was introduced, and the court directed a verdict finding the fund in controversy subject to the garnishment, and rendered a judgment accordingly.

The evidence did not demand the verdict directed. The amended answer of the garnishee and the traverse thereto raised a question of fact, to wit, whether the fund in the bank to the credit of Walpert was his individual property or whether it was the property of the Latham Cotton Company. Upon this question the evidence was in conflict, and the question should have been submitted to the jury, and the court erred in directing a verdict against the garnishee. See, in this connection, *Spain* v. *Beach*, 52 *Ga.* 494.

The dissolution of the garnishment by the giving of a bond did not prevent the garnishee from showing that the fund in its possession was not subject to the debt. *Born* v. *Williams*, 81 *Ga.* 796 (2) (7 S. E. 868).

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

Garnishment, 28 C. J. p. 316, n. 26; p. 366, n. 65 New.