In our opinion, the indictment is fatally defective.

Hence the judgment is reversed, and the cause ordered dismissed.

MORROW, J. [5] I concur in the disposition of the case. If a new indictment is found, it would be best to copy therein the alleged forged order.

DAVIDSON, P. J. I agree with conclusion of Judge MORROW as above stated.

———

ZIMMERMAN LAND & IRRIGATION CO. v. ROONEY MERCANTILE CO. et al. (No. 679.)

(Court of Civil Appeals of Texas. El Paso. April 19, 1917. Rehearing Denied May 17, 1917.)

1. GARNISHMENT ⬤⟲23—PROPERTY SUBJECT TO—BALANCE DUE ON CONTRACT.
    Where a construction contract was satisfactorily completed by the contractor's successor, money due the contractor when he quit was subject to garnishment by his creditors.
    [Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 54–58.]

2. GARNISHMENT ⬤⟲51—PROPERTY SUBJECT TO—PRIOR ASSIGNMENTS.
    A contractor's assignment of his contract rights, under which the assignee claimed only the balance due after the contractor's debts were discharged, does not prevent the contractor's materialmen, etc., from subsequently garnisheeing amounts due him under the contract.
    [Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 74, 97–101.]

3. ASSIGNMENTS ⬤⟲58—CONSENT OF DEBTOR—NECESSITY.
    The debtor's consent to an assignment of sums due under a construction contract is unnecessary.
    [Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 121–123.]

4. GARNISHMENT ⬤⟲204 — INTERVENTION BY ASSIGNEE.
    The assignee of a fund may intervene in garnishment proceedings to protect its interest in the garnished fund.
    [Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 396.]

5. GARNISHMENT ⬤⟲204—ASSIGNEE'S CLAIM—JUDGMENT.
    That a judgment obtained by an intervener in garnishment proceedings against the debtor had been appealed is immaterial, where the intervener also had another judgment exceeding the face of its claim which had not been appealed.
    [Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 396.]

6. GARNISHMENT ⬤⟲223—ASSIGNEE'S CLAIM—SUFFICIENCY OF PLEADINGS.
    A judgment awarding interveners in a garnishment proceeding payment of a claim which the pleadings indicated belonged to others, held not supported by the pleadings.
    [Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 418.]

7. APPEAL AND ERROR ⬤⟲223 — REVIEW — JUDGMENT UNSUPPORTED BY PLEADINGS.
    A judgment unsupported by the pleadings is an error of law apparent upon the record's face, which the Court of Civil Appeals will correct on its own motion.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1338–1342, 1344, 1346–1350.]

8. GARNISHMENT ⬤⟲191 — PROCEEDINGS TO ENFORCE—ATTORNEY'S FEES.
    A garnishee is not entitled to attorney's fees, where it erroneously denied, and litigated, its indebtedness.
    [Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 372–379.]

Appeal from District Court, Pecos County; Joseph Jones, Judge.

Garnishment action by the Rooney Mercantile Company against the Zimmerman Land & Irrigation Company, in which E. W. and John Bennett, copartners as E. W. Bennett & Son, intervened. Judgment for plaintiff and interveners, and defendant appeals. Affirmed as to plaintiff, and affirmed upon condition as to interveners.

The Rooney Mercantile Company, on February 29, 1916, recovered a judgment against the Baker Manufacturing Company of Texas, a copartnership, and the individual members thereof. Upon this judgment, there was a balance due of $1,559.14, with inter-

est. The Rooney Mercantile Company on June 13, 1916, sued out a writ of garnishment upon the judgment against the Zimmerman Land & Irrigation Company. On October 3, 1916, the garnishee answered denying the existence of any facts or indebtedness which would authorize a judgment against it unless it was indebted by virtue of certain facts which it set forth in its answer. On January 16, 1915, garnishee entered into a written contract with the Baker Manufacturing Company, by the terms of which the latter agreed to build an earthen dam for the former. The compensation was to be at the rate of 14 cents per cubic yard of dirt moved. The terms of payment were set forth in the fourteenth paragraph of the contract as follows:

"All payments made by party of first part to party of second part shall be based on monthly estimates made by first party's engineer of the actual cubic yards in that portion of the finished work which has been placed in accordance with these specifications and to the satisfaction of the first party's engineer. The party of the first part will then pay to the party of the second part for 85 per cent of such finished work, the remaining 15 per cent. paid when the entire dam is completed in every way as per specifications, and has been accepted by the first party through their engineer."

It seems that the Baker Manufacturing Company defaulted in the completion of the dam, and on August 13, 1915, it entered into a contract with C. W. Lambert for the completion of the work, which reads:

"Know all men by these presents: That the Baker Manufacturing Company of Texas, a private partnership doing a general contracting business with the public in reference to the building of roads, dams, reservoirs, etc., in Texas, and being desirous of disposing of any interest that we had or may have in a certain reservoir site in Pecos county, Texas, near the Pecos river, and for which we have a contract with the owners thereof, the Zimmerman Land & Irrigation Company, a corporation under the laws of the state of Texas, said contract having been executed by both parties for the purpose of the Baker Manufacturing Company of Texas putting in a certain dirt dam to make a reservoir for the impounding and holding of waters of the Pecos river, and flood waters, and being desirous, as before stated, of terminating any interest or control we had with the Zimmerman Land & Irrigation Company with reference to the construction of said dam, do by these presents hereby transfer and assign to C. W. Lambert for the sum of one dollar cash, and other valuable considerations not necessary herein to mention, all our right, title and interest in and to said contract and authorize the said Lambert to make whatever arrangements and contract with the said Zimmerman Land & Irrigation Company, that he or they may see fit to enter into for the further prosecution and completion of said dam and reservoir. We also hereby transfer and assign, set over and convey to the said Lambert all of the tools, machinery, horses, wagons, plows and in fact machinery of every kind, lumber and blacksmith shop used or to be used in the construction of said dam for said reservoir; also all horses and mules; in fact everything that we are possessed of in reference to the use of said work and now situated in said Pecos county, at said reservoir, the said Lambert to have the use, control and management of said above-described property for whatever length of time is necessary for the proper,

due and necessary completion of said dam for said reservoir, and we hereby relinquish any and all rights that we may have in and to the said property until the said completion of said dam and reservoir, and hereby relinquish any right, title or interest that we may have or can have in and to said contract with the Zimmerman Land & Irrigation Company for the construction of said dam, etc., for said reservoir."

On August 23, 1915, garnishee entered into a contract with Lambert for the completion of the dam, agreeing to pay the sum of 14 cents per cubic yard for all dirt moved. The garnishee was to advance to Lambert not to exceed $800 per month to enable him to pay for labor and supplies in performing his contract, and upon the completion of the dam, if there was any balance due to Lambert, the same was to be applied by garnishee to the payment of debts contracted by the Baker Manufacturing Company while it was engaged in building the dam. If any balance remained after the payment of the debts of the Baker Manufacturing Company the same was to be paid to Lambert or his order.

When Lambert completed the dam, the garnishee had on hand the sum of $3,801.38, which represented the 15 per cent. reserve fund of the contract price under the contract between the Baker Manufacturing Company and garnishee, of date January 16, 1915, and which had been earned by the Baker Manufacturing Company at the time it defaulted in the completion of its contract. In other words, at the time the Baker Manufacturing Company defaulted in the completion of its contract, said sum of $3,801.38 had been earned by it for work theretofore done, and said sum had been retained by the garnishee under the 15 per cent. reserve fund clause contained in the fourteenth paragraph of the contract of January 16, 1915.

Garnishee asked for an attorney's fee of $300, and that it be discharged from any liability upon the writ of garnishment in the cause. On October 2, 1916, E. W. Bennett & Son, a partnership composed of E. W. and John Bennett, intervened in the garnishment proceeding, alleging:

(1) That the Zimmerman Land & Irrigation Company, garnishee, was indebted to the Baker Manufacturing Company, in a large sum of money.

(2) That the Baker Manufacturing Company was indebted to petitioners in the sum of $2,107.04, with interest from October 16, 1916, and $———— costs, as evidenced by a judgment in the district court of Pecos county, entered October 16, 1915. That the Baker Manufacturing Company, gave Bennett & Son an order reading as follows:

"We, the Baker Manufacturing Company, of Texas, a partnership composed of H. F. Mitchell, A. D. Jamison, A. M. Warren and H. T. Briggance, with main office at Sweetwater, Texas, being indebted to E. W. Bennett & Son in the sum of $1,672.60, also to the Bennett Hotel, a partnership composed of E. W. Bennett and W. S. Dunbar, in the sum of $346.30, do hereby in consideration that the said E. W. Bennett

& Son and the said Bennett Hotel, release and relinquish any claim that they may have to the funds due the said Baker Manufacturing Company, from Pecos county, for work done on the public highways of said county, and permit and allow us to draw down and receive all the said funds and amounts due Baker Manufacturing Company, by Pecos county, do hereby in order to better secure the payment of the amounts stipulated above due said Bennett & Son and the said Bennett Hotel, transfer and set over enough to the moneys due us and to become due us by the Zimmerman Land & Irrigation Company, a corporation, with its principal office in Pecos county, Texas, on a certain contract that the said Baker Manufacturing Company of Texas have with the said Zimmerman Land & Irrigation Company for the building and constructing of a dam and reservoir in Pecos county, Texas, for the said irrigation company, and reserved by the Zimmerman Land & Irrigation Company until the completion of the work, the same being 15 per cent. on each dollar of the estimate of the work, and of the work when finally completed.

"And we hereby direct and authorize said Zimmerman Land & Irrigation Company, their agents and representatives, to pay over the amount stipulated to E. W. Bennett & Son and the amount herein stipulated as to the Bennett Hotel and to E. W. Bennett and W. S. Dunbar as set out herein.

"Witness our hands at Ft. Stockton, Texas, this 17th day of May, 1915. Baker Manufacturing Company, by A. M. Warren."

That said order was presented to and accepted by the garnishee Zimmerman Land & Irrigation Company, and the said garnishee agreed to pay same out of the 15 per cent. reservation therein referred to upon the completion of the work, for which the said Baker Manufacturing Company of Texas had contracted to do for the said garnishee.

(3) That the work has been completed in accordance with the contract between garnishee and the Baker Manufacturing Company, and that the 15 per cent. reserve fund is now due and unpaid, and is largely in excess of their debt, and that they had a claim on any moneys due by the Baker Manufacturing Company, which was a prior lien and right to that of the Rooney Mercantile Company, or any one else on said fund.

It is unnecessary to detail the remaining allegations of the interveners' plea. The interveners asked that they have judgment against the Zimmerman Land & Irrigation Company for their debt, and that it be declared to be a first and prior claim against the garnishee and be ordered paid out of the funds owing by the garnishee to the Baker Manufacturing Company out of said 15 per cent. reserve fund.

Upon trial before the court, a judgment was entered in favor of the Rooney Mercantile Company against the garnishee in the sum of $1,650, with interest from date, that being the balance due upon the judgment of the Rooney Mercantile Company against the Baker Manufacturing Company, upon which judgment the garnishment herein was sued out. Judgment was also rendered in favor of E. W. Bennett & Son for the sum of $2,-018.90, with interest. It will be noted in this connection that the aggregate of the two

sums of money assigned to E. W. Bennett & Son and to the Bennett Hotel by the written assignment set up in interveners' plea is said sum of $2,018.90.

Findings of fact and conclusions of law were filed by the court, from which we make the following condensed statement:

That the Rooney Mercantile Company had a judgment against the Baker Manufacturing Company, and the individual members thereof as set up in the application for a writ of garnishment, upon which judgment there was a balance due in the amount for which judgment was rendered by the court in favor of the Rooney Mercantile Company as above stated. That the garnishment herein was sued out upon said judgment on June 13, 1916, and upon said date served upon garnishee. That the sum of $3,801.38 was in the hands of the garnishee, having accrued by reason of the 15 per cent. reserve clause in the construction contract between garnishee and the Baker Manufacturing Company. That the contract under which said sum of $3,801.38 accrued to the Baker Manufacturing Company is as follows: (The court then quotes the contract between garnishee and Baker Manufacturing Company, made January 16, 1915, the contents of which have been above stated). That on August 13, 1915, the Baker Manufacturing Company entered into a contract with C. W. Lambert for the completion of the dam, which the Baker Manufacturing Company had contracted to construct for garnishee, and said contract is as follows: (The trial court here quotes the contract of August 13, 1915, quoted in full above.) That on August 23, 1915, the garnishee entered into a contract with Lambert for the completion of the dam as follows: (The court then quoted the contract between garnishee and Lambert of August 23, 1915, the contents of which have been stated above). That Lambert completed the dam on September 30, 1916, in compliance with all of the aforesaid contracts, and that the same was completed as a whole and accepted by the garnishee. That garnishee, upon completion of the dam by Lambert, owed the Baker Manufacturing Company the sum of $3,-801.38 on account of the 15 per cent. held out by the Baker Manufacturing Company on the work done by it up to the time that the contract was turned over to Lambert for completion. That interveners have an assignment from the Baker Manufacturing Company on the garnishee for the sum of $2,018.90 that is to be paid out of any money due the Baker Manufacturing Company of Texas from the garnishee, which assignment is as follows: (The court then quotes assignment set up in the interveners' plea). That the claim of interveners is a just claim against the garnishee for the sum of money remaining in its hands due the Baker Manufacturing Company, after paying the claim of the Rooney Mercantile Company, not to exceed in both claims, said sum of $3,801.38. That

$300 would be a reasonable attorney's fee for garnishee's attorney if he were entitled to any fee under the law.

Based upon the foregoing findings the court made the following conclusions of law:

(1) The three instruments of writing set out first in the findings of fact should be read together, and when so considered, they form one continuous contract, and the completion of the work by Lambert and its acceptance by the Zimmerman Land & Irrigation Company was a full compliance with the contract between the Zimmerman Land & Irrigation Company and the Baker Manufacturing Company of Texas, and entitled the latter, or its creditors, to the 15 per cent. that was retained when the work was turned over to the said Lambert.

(2) The $3,801.38 held back by the Zimmerman Land & Irrigation Company from the Baker Manufacturing Company of Texas became due and was subject to plaintiff's writ of garnishment and the interveners' claim when the work was completed by Lambert and accepted by the garnishee on September 30, 1916.

(3) Plaintiff is entitled to judgment for its $1,559.14, with 10 per cent. interest from February 29, 1916, and the intervener is entitled also to recover its claim against the garnishee, both claims, however, not to exceed the sum of $3,801.38.

(4) I find that the garnishee is not entitled to any attorney's fee in this case.

There is no statement of facts in the record, the statement heretofore filed having been stricken out upon motion. From the judgment entered, the garnishee has appealed.

J. D. Martin and Howell Johnson, both of Ft. Stockton, and Stafford, Brady & Anderson, of El Paso, on appeal only, for appellant. Hadden & Smith and Williams & Jackson, all of Ft. Stockton, for appellees.

HIGGINS, J. (after stating the facts as above). [1] It is apparent that the only issue here involved is whether or not the court properly subjected said sum of $3,-801.38 to the payment of the judgments held by the Rooney Mercantile Company and interveners against the Baker Manufacturing Company. It is first contended that the fund in controversy was not owing by the garnishee. This is upon the theory that the fund was forfeited and lost by the Baker Manufacturing Company by reason of its failure to complete its construction contract. The fourteenth paragraph of this contract is quoted above, and is the only portion thereof which has any bearing upon this question. There is no forfeiture clause in the contract. The construction contract was completed by Lambert and accepted by garnishee. The trial court found that the relinquishment by the Baker Manufacturing Company to Lambert of its interest in the contract was for the purpose of completing same. It thus fol-

lows that when Lambert completed the contract for the Baker Manufacturing Company and the work was accepted by the garnishee, the garnishee then became liable to pay the 15 per cent. reserve fund which had accumulated and which had been earned at the time of the assignment by the Baker Manufacturing Company to Lambert.

[2] The next assignment is that the court erred in rendering judgment in favor of the Rooney Mercantile Company because it appears that prior to the issuance and service of the writ of garnishment, the Baker Manufacturing Company had transferred and assigned the fund in controversy to Lambert. Upon this phase of the case, the majority of the court are of the opinion that the assignment to Lambert must be interpreted in connection with the contract he made with the garnishee to complete the dam, and in so construing them it seems clear that the amount 15 per cent. reserve fund was assigned, subject to the payment of all debts then owing by Baker Manufacturing Company and subject to payment of all debts contracted by Lambert in the completion of the dam. The assignment to Lambert is quoted above. The contract between Lambert and garnishee as here applicable reads:

"This contract between Zimmerman Land & Irrigation Company * * * and C. W. Lambert * * * witnesseth: That the first party having heretofore entered into a contract with Baker Manufacturing Company * * * for the construction of a dam, * * * and said company having failed to carry out its part of this contract, * * * and same having been canceled by the party of the first part and said cancellation acquiesced in by said company, * * * and said Lambert having been at work in said dam for said Baker Manufacturing Company and being familiar with the terms of the contract * * * and being desirous of taking it over according to its terms and specifications, * * * etc., wherefore the party of the first part herein binds itself to pay said Lambert (as specified) as it is finished. * * * It is expressly understood and agreed that because of the fact that the Baker Manufacturing Company had contracted debts * * * in the construction work * * * and the said Lambert hereby agreeing as a part of the consideration for his work, in payment of same, that the overplus, if any, after making or paying advancements provided for in this contract, shall be retained by the first party and applied and paid to the different parties to whom Baker Manufacturing Company became indebted * * * according to their priority and under pro rata basis, but if all debts are paid in full, then the surplus, if any, shall go to said Lambert or his order. The said Lambert having knowledge of all these facts, is desirous of paying said indebtedness of the said Baker Manufacturing Company."

That on the 13th day of August, 1915, the Baker Manufacturing Company executed an instrument in effect as follows:

"The Baker Manufacturing Company * * * being desirous of disposing of any interest that we had or may have in a certain reservoir site * * * for the construction of which we have a contract with the Zimmerman Land & Irrigation Company * * * and being desirous of terminating any interest or control * * * with reference to the construction of said dam,

do by these presents transfer and assign to C. W. Lambert * * * all our right, title and interest in and to said contract, and authorize the said Lambert to make whatever contract that he or it may see fit to enter into for the further prosecution and completion of said dam, * * * and hereby relinquish any right, title or interest that we may have or can have in and to said contract," etc.

(A verbatim copy of this instrument is quoted above.)

It will be noted that Lambert by signing the above has declared that he is only to have the balance, if any, after all debts are paid. And garnishee does not defend upon the proposition that after the cost of construction (all debts) were paid, there were no funds left in its hands, but claims the entire 15 per cent. reserve fund as a forfeit because Baker Manufacturing Company did not complete its contract. In the reasoning of the majority, the writer does not concur. In the conclusion that the assignment should be overruled he does concur. It will serve no useful purpose to state the grounds of his concurrence.

Error is assigned to the judgment rendered in favor of interveners, Bennett & Son; five propositions being urged in support of the assignment, as follows:

(1) "The order of the 17th day of May, 1916, given by Baker Manufacturing Company to Bennett & Son without an acceptance by garnishee did not render garnishee liable."

(2) "If the order given by Baker Manufacturing Company in favor of Bennett & Son was accepted by garnishee that would not authorize Bennett & Son to intervene in a garnishment suit, but their remedy would be a suit against garnishee upon the acceptance."

(3) "Bennett & Son, interveners, alleged an unconditional acceptance of the order given by Baker Manufacturing Company, and their own proof showed only a conditional oral acceptance which constituted a fatal variance."

(4) "This being a garnishment proceeding brought by another creditor, interveners not having shown any lien and not having sued out a writ of garnishment, the court was without jurisdiction to render judgment in their favor."

(5) "Interveners having alleged in their petition that their claim against garnishee was reduced to judgment, and that the suit in which judgment was rendered was an appeal in the Supreme Court, this court is without jurisdiction to adjudicate interveners' intervention."

[3, 4] The instrument dated May 17, 1915, given by the Baker Manufacturing Company to Bennett & Son, constituted an assignment of the 15 per cent. reserve fund to the extent of $1,672.60. Interveners' judgment described in its pleading was for an amount in excess of the amount so transferred to interveners. Suit could have been maintained upon the assignment, and it is immaterial whether or not there had been an acceptance thereof by the garnishee. It being an assignment of an interest in the garnished fund, Bennett & Son had the right to intervene to protect their interest. Buchanan v. Lumber Co., 134 S. W. 292; Insurance Co. v. Patterson, 35 Tex. Civ. App. 447, 80 S. W. 1058. It is likewise immaterial whether the proof showed a conditional or an unconditional acceptance. Recovery was properly allowed if there had been no acceptance at all. It follows that the first four propositions are without merit.

[5-7] As to the fifth, this, too, has no merit. It is true that there is another allegation in the plea of intervention which has not been quoted, that interveners had a judgment against the Baker Manufacturing Company for $860 rendered October 16, 1915, which was then pending upon appeal in the Supreme Court, but the plea of intervention sets up another judgment from which no appeal is pending in sum considerably greater than the amount transferred to the interveners by the Baker Manufacturing Company, and it is therefore immaterial that the other judgment described in the intervention is pending on appeal. The court was warranted in subjecting to the payment of the unappealed judgment the amount of money so transferred to Bennett & Son. In connection with this assignment, we desire to point out that the assignment pleaded by the interveners shows the transfer to them of $1,672.60 only. E. W. Bennett & Son, the interveners, are a partnership composed of E. W. Bennett and John Bennett. The assignment mentioned also assigns the sum of $346.30 to the Bennett Hotel, a partnership composed of E. W. Bennett and W. S. Dunbar. The court has allowed to the interveners, E. W. Bennett & Son, both of the sums of money assigned by the instrument pleaded by interveners. There is no pleading that E. W. Bennett & Son have acquired the $346.30 which was transferred to the Bennett Hotel. To this extent, therefore, the judgment in favor of the interveners is unsupported by the pleadings. In the absence of a statement of facts, it will be assumed that interveners had acquired from the Bennett Hotel an assignment of said sum of $346.30, and that the proof was sufficient to warrant the court in adjudging to the interveners the aggregate amount of the sums so transferred by the Baker Manufacturing Company to Bennett & Son and the Bennett Hotel. But, however the proof might be, the court would not be warranted in entering judgment for the aggregate amount in the absence of pleading showing that the interveners had acquired from the Bennett Hotel the right to said sum of $346.30. The court, therefore, erred in entering judgment in favor of interveners for said sum of $346.30. This error is not called to our attention by appellant, but a judgment unsupported by the pleadings is an error in law apparent upon the face of the record, and it is the duty of this court to correct the same, though not assigned or called to our attention in any way.

[8] Error is also assigned to the court's refusal to allow garnishee an attorney's fee. Upon the facts disclosed by the record, appellant seems to have assumed the attitude of a litigant. It contends that the moneys accruing under the 15 per cent. reserve fund

clause of the construction contract were forfeited, and that it is not indebted to the Baker Manufacturing Company. Under these circumstances, the court correctly refused the allowance of an attorney's fee. Moursund v. Priess, 84 Tex. 554, 19 S. W. 775; Presnall v. Bank, 151 S. W. 873. The conclusions above indicated dispose of all assignments.

The judgment in favor of the Rooney Mercantile Company is affirmed. The judgment in favor of interveners is affirmed, with costs, upon condition that within 15 days from date a remittitur of $346.30, with interest thereon at rate of 6 per cent. per annum from October 1, 1916, be filed. If such remittitur be not so filed, then the judgment in favor of interveners shall be reversed and remanded. It is so ordered.