## COLES v. FEWEL (HAMMOND et al., Interveners).

### No. 3163.

Court of Civil Appeals of Texas. El Paso.
Feb. 28, 1935.

Rehearing Denied March 21, 1935.

J. E. Quaid, of El Paso, for appellant.

W. H. Fryer, Coyne Milstead, and J. U. Sweeney, all of El Paso, for appellees.

PELPHREY, Chief Justice.

In January, 1928, the City Mortgage Company recovered a judgment against C. W. Hammond, J. S. Hord, and S. B. Rutledge in the sum of $372.50. On February 16, 1934, appellant, as assignee of such judgment, filed his affidavit for a writ of garnishment against Edgar D. Fewel against whom Hammond had recovered a judgment. The amount claimed in said affidavit being the amount of the City Mortgage Company's judgment, plus interest, a total of $558. Fewel answered admitting owing the amount of the judgment against him, plus interest. Hammond later intervened claiming that the judgment recovered by him being for the conversion of exempt tools and apparatus, it was also exempt. W. H. Fryer and R. E. Cunningham also intervened claiming one-half of the Hammond judgment by virtue of an assignment to them.

Appellant moved to strike both petitions for intervention. Both motions were, however, overruled and judgment was rendered in favor of appellant against Fewel for $29.14, and in favor of Fryer and Cunningham for $200, and in favor of Fewel for $25. From such judgment, this appeal has been perfected.

### Opinion.

Appellant's brief contains nineteen assignments of error, thirteen of which are briefed under the eight propositions presented. The errors complained of are: (1) The overruling of appellant's motion to strike the petition in intervention of Fryer and Cunningham; (2) the rendering of the judgment in his favor for $29.14, in favor of Fryer and Cunningham for $200, and in favor of Fewel for $25, as garnishee, in that such judgment did not dispose of the full amount in controversy; (3) failing to render judgment in favor of appellant for the full amount in the hands of the garnishee; and (4) the rendering of the judgment in favor of Fryer and Cunningham for $200. This portion of the judgment is attacked on the ground that it is excessive; that there was no pleading praying for judgment in their favor against either the garnishee or Hammond; that they were not entitled to a judgment without having by affidavit controverted the pleadings of Hammond and the garnishee; and that they were not entitled to judgment in the absence of a judgment against Hammond. All of the errors complained of by appellant are also presented by the garnishee in his brief as counter propositions except those as to the overruling of the motion to strike and the failure of the court to render judgment in favor of appellant for the full amount.

■■ Appellant's first contention is that the only remedy available to Fryer and Cunningham, under the circumstances existing, was that provided for in the statutes for the trial of the right of property.

We cannot agree with such contention. It appears to be well settled that parties claiming an interest in property attached may intervene in garnishment suits. Kelley Grain Co. v. English (Tex. Civ. App.) 34 S. W. 651; Buchanan v. A. B. Spencer Lumber Co. (Tex. Civ. App.) 134 S. W. 292; Zimmerman Land & Irrigation Co. v. Rooney Mercantile Co. (Tex. Civ. App.) 195 S. W. 201 (writ refused); Staley, Langford & Chenault v. City Nat. Bank of Commerce (Tex. Civ. App.) 253 S. W. 626.

■■ Appellant's second proposition and garnishee's second counter proposition attack the judgment on the ground that it fails to dispose of the amount in controversy, it being argued that the sum of the amounts awarded in the judgment, to wit, $24.19 to appellant, $200 to Fryer and Cunningham, and $25 to garnishee, being less than the amount shown to be due in garnishee's answer, the judgment was defective.

Appellees Fryer and Cunningham counter with the proposition that if any error in the particulars complained of in the judgment exist, they were invited by appellant, and that a proper construction of the judgment shows that the undisposed remainder of the funds in the hands of garnishee was awarded to Hammond. In support of the first counter proposition, they have attached to their brief what purports to be an office copy of a form of judgment which they assert was presented to appellant's attorney for approval, together with a notation purportedly made by said attorney, thereon objecting for the reason that it was giving an additional judgment against garnishee Fewel. The form, as tendered, contained an award of $110 to Hammond.

The tendered form and notation thereon are not such a part of the record as can be considered; and, therefore, we must conclude that there is nothing properly before us showing invited error. We, however, agree with the second contention advanced. Hammond had a judgment against Fewel. Appellant was attempting to have the amount of that judgment paid to him instead of to Hammond. Fryer and Cunningham claimed one-half of such recovery by reason of their assignment from Hammond, and Hammond was claiming that the whole of the judgment was exempt to him and consequently not subject to garnishment. From the manner in which the court disposed of the funds in the hands of the garnishee, he must have found that $400 of the judgment was exempt, and there is no assignment here attacking the judgment because of any finding that it, or any portion, was exempt. If the court so found, and we think such finding clearly is apparent for the award to Fryer and Cunningham of $200, and the further award to appellant of only $29.14, then appellant would not be injured by the manner in which the exempt portion was distributed.

Neither was it necessary for the court to render judgment in favor of Hammond for the amount found to be exempt to him. He already had a judgment against Fewel, and an additional award in his favor would have been superfluous, and the allowing of the

amounts set forth of the judgment was inferentially a finding that Hammond was entitled to the balance. Fewel in his answer admitted that Hammond had recovered judgment against him and that he was indebted to Hammond as a result thereof in the sum of $429.

This was a true statement as far as the record then stood. Fryer and Cunningham had an assignment to one-half of the recovery against Fewel. By their intervention, they were not contesting the facts as stated in Fewel's answer, but were merely saying that Hammond had assigned to them one-half of the judgment and praying that one-half of the moneys be adjudged their property. This they could do, we think, without controverting by affidavit the allegations of Fewel's answer, or the pleading of Hammond.

As said heretofore, the amount of the award to Fryer and Cunningham could not be complained of by appellant, the court, in effect, having found that all of the judgment except $29.14 was exempt and no complaint having been made as to such finding.

Finding no reversible error, the judgment will be affirmed.